# Illinois Official Reports

## Appellate Court

---

> ### *Evergreen Real Estate Services, LLC v. Hanover Insurance Co.*,
> ### 2019 IL App (1st) 181867

---

| | |
|---|---|
| Appellate Court Caption | EVERGREEN REAL ESTATE SERVICES, LLC, Plaintiff and Counterdefendant-Appellee and Cross-Appellant, v. HANOVER INSURANCE COMPANY, LOTTIE BERRY, and DERRICK OWENS, Individually and on Behalf of All Others Similarly Situated, Defendants (Hanover Insurance Company, Defendant, Counterplaintiff, and Third-Party Plaintiff-Appellant and Cross-Appellee; Lottie Berry and Derrick Owens, Defendants and Counterdefendants; Martin Luther King Partners, LP, Defendant and Third-Party Defendant-Appellee). |
| District & No. | First District, First Division<br>No. 1-18-1867 |
| Filed | November 4, 2019 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 17-CH-8425; the Hon. Diane Larsen, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Jeffrey A. Goldwater, Kelly M. Ognibene, and Darcy L. Ibach, of Lewis Brisbois Bisgaard & Smith, LLP, of Chicago, for appellant.<br><br>Richard M. Burgland and Robert Marc Chemers, of Pretzel & Stouffer, Chtrd., of Chicago, for appellees. |

Panel            PRESIDING JUSTICE GRIFFIN delivered the judgment of the court, with opinion.
Justices Hyman and Walker concurred in the judgment and opinion.

**OPINION**

¶ 1      This is an insurance coverage action in which plaintiff, Evergreen Real Estate Services, LLC (Evergreen), sought a declaration that defendant, Hanover Insurance Company (Hanover Insurance), has a duty to defend Evergreen in a class action case. Evergreen also sought damages for a bad faith denial of its claim under the Illinois Insurance Code (215 ILCS 5/1 *et seq.* (West 2016)). Hanover Insurance filed a counterclaim against Evergreen and a third-party claim against the building's owner, Martin Luther King Partners, LP (MLK Partners), who sought coverage as an additional insured. The parties filed cross-motions for summary judgment on all claims.

¶ 2      The trial court found that the claims asserted in the class action case arguably represented subject matter covered by the policy that Hanover Insurance issued to Evergreen and were not specifically excluded from coverage, so the court ordered Hanover Insurance to provide a defense. The trial court, however, found that Hanover Insurance's refusal to provide a defense did not constitute bad faith under section 155 of the Illinois Insurance Code (*id.* § 155). Each party appeals the ruling that was adverse to it. We affirm.

¶ 3                                   BACKGROUND

¶ 4      Plaintiff Evergreen manages a rental property located at 3325 West Madison Street in Chicago called Martin Luther King Jr. Plaza. The building is owned by MLK Partners. In connection with its business operations, Evergreen secured insurance coverage from defendant Hanover Insurance. The policy that Evergreen purchased is called a private company advantage policy.

¶ 5      Under the private company advantage policy that Evergreen purchased from Hanover Insurance, Evergreen secured coverage under a variety of different policies, coverage parts, and insuring agreements. Important to this appeal, Evergreen was entitled to coverage for corporate entity liability and for professional liability. The "entity liability insuring agreement" broadly covers "[l]oss which the Insured Entity is legally obligated to pay due to a Claim first made against the Insured Entity during the Policy Period." The entity liability insuring agreement, however, contains a professional services exclusion. That exclusion provides that coverage is removed under the entity liability insuring agreement for claims arising from the provision of professional services. The "miscellaneous professional liability insurance policy" provides coverage for "any claim made against [Evergreen] arising from a wrongful act in the rendering or failure to render professional services by [Evergreen]." The professional liability policy, however, contains an exclusion for claims arising from "unfair or deceptive business practices" including "violations of any local, state or federal consumer protection laws."

¶ 6      Tenants of Martin Luther King Jr. Plaza, Lottie Berry and Derrick Owens, filed a class action complaint against Evergreen, MLK Partners, and Martin Luther King Jr. Plaza in the circuit court of Cook County under case No. 17-CH-5458. In the class action complaint, the tenants allege that Evergreen and MLK Partners committed several violations of the

Residential Landlord and Tenant Ordinance (RLTO) (Chicago Municipal Code § 5-12-010 *et seq.*). Evergreen tendered the defense of the case to Hanover Insurance.

¶ 7    Hanover Insurance responded to Evergreen's letter tendering the claim by stating that it would not defend or indemnify Evergreen under the policy. Hanover Insurance's reasons for refusing coverage were that (1) it does not owe coverage under the entity liability insuring agreement because the underlying claims are based upon Evergreen's performance of a professional service which are excluded from coverage and (2) it does not owe coverage under the professional liability policy because the underlying claims are for a willful violation of the RLTO and breach of contract, which are excluded from coverage.

¶ 8    Evergreen filed this complaint seeking a declaration that Hanover Insurance has a duty to defend it in the class action case. Evergreen additionally alleged that Hanover Insurance is liable under section 155 of the Illinois Insurance Code (215 ILCS 5/155 (West 2016)) for its bad faith denial of Evergreen's tender of the claim.

¶ 9    Hanover Insurance subsequently accepted Evergreen's defense in the underlying class action case under a reservation of rights. Hanover Insurance reasserted its position that the underlying claims involved acts in furtherance of the provision of professional services. Hanover Insurance also reasserted that the underlying claims were for unfair or deceptive business practices in violation of the RLTO.

¶ 10   In the trial court in this case, the parties both moved for summary judgment. Hanover Insurance moved first for summary judgment arguing that it has no duty to defend Evergreen in the underlying lawsuit and that it is not liable under section 155 of the Illinois Insurance Code for the bad faith denial of a claim. Evergreen moved for summary judgment arguing that Hanover Insurance has an obligation to provide a defense in the underlying class action case and that it is liable for the bad faith denial of an insurance claim under section 155 of the Illinois Insurance Code.

¶ 11   After the cross-motions for summary judgment were filed, Hanover Insurance filed a counterclaim. In its counterclaim, Hanover Insurance made claims against both Evergreen and MLK Partners. The counterclaim, insofar as it is against Evergreen, is basically a recitation of its other documented assertions that it has no duty to defend Evergreen in the underlying class action. The counterclaim, however, also seeks a declaration that Hanover Insurance has no duty to defend MLK Partners. MLK Partners had requested coverage from Hanover Insurance as an additional insured under the policy for the first time a couple days after Evergreen filed its cross-motion for summary judgment. Hanover Insurance subsequently filed a motion for summary judgment on its claim against MLK Partners, and MLK Partners filed a cross-motion on the issues pertaining to it.

¶ 12   In ruling on all of the cross-motions for summary judgment, the trial court held that its examination of the underlying class action claims revealed that the claims were not for the type of conduct that would be required for the claims to be excluded for coverage under the provision that excluded from coverage claims arising from "unfair or deceptive business practices." Instead, the court observed that the claims were for violations of the RLTO, which it viewed as not analogous to consumer protection statutes. The trial court also expressed that it was persuaded by Evergreen and MLK Partners' argument that the underlying claims may relate to ministerial or administrative issues that would not fall into the policy's professional services exclusion. Therefore, the trial court ruled in favor of Evergreen and MLK Partners on the duty to defend issue.

¶ 13    The trial court, however, held that Hanover Insurance's denial of the claim did not constitute bad faith under section 155 of the Illinois Insurance Code, so it entered summary judgment in Hanover Insurance's favor on those claims.

¶ 14    On appeal, Hanover Insurance argues that the trial court erred when it found that Hanover Insurance has a duty to defend Evergreen under the entity liability insuring agreement or professional liability parts of the policy. Hanover Insurance also argues that the trial court erred when it found that Hanover Insurance has a duty to defend MLK Partners under the professional liability part of the policy. Evergreen filed a cross-appeal arguing that the trial court erred when it found that Hanover Insurance was not liable for the bad faith denial of an insurance claim under the Illinois Insurance Code.

¶ 15                                                    ANALYSIS

¶ 16    Summary judgment is appropriate when the pleadings, depositions, admissions, and affidavits, viewed in a light most favorable to the nonmovant, fail to establish that a genuine issue of material fact exists, thereby entitling the moving party to judgment as a matter of law. 735 ILCS 5/2-1005 (West 2016); *Fox v. Seiden*, 2016 IL App (1st) 141984, ¶ 12. If disputes as to material facts exist or if reasonable minds may differ with respect to the inferences drawn from the evidence, summary judgment may not be granted. *Fox*, 2016 IL App (1st) 141984, ¶ 12. We review a trial court's decision to grant summary judgment *de novo*. *Illinois Tool Works Inc. v. Travelers Casualty & Surety Co.*, 2015 IL App (1st) 132350, ¶ 8. When, as here, parties file cross-motions for summary judgment, they agree that no genuine issues of material fact exist and they invite the court to decide the case as a matter of law based on the record. *Casey's Marketing Co. v. Hamer*, 2016 IL App (1st) 143485, ¶ 11.

¶ 17    The construction of an insurance policy and the determination of the parties' rights and obligations thereunder are questions of law. *Illinois Tool Works Inc.*, 2015 IL App (1st) 132350, ¶ 9. To determine whether an insurer has a duty to defend the insured, a court must compare the allegations in the underlying complaint to the relevant provisions of the insurance policy. *G.M. Sign, Inc. v. State Farm Fire & Casualty Co.*, 2014 IL App (2d) 130593, ¶ 25. When determining whether an insurer has a duty to defend an insured, the allegations in the underlying complaint must be liberally construed in favor of coverage. *Id.* An insurer's refusal to defend an insured is justified only if it is clear from the face of the underlying complaint that the allegations fail to state facts that bring the cause within or potentially within coverage. *Rosalind Franklin University of Medicine & Science v. Lexington Insurance Co.*, 2014 IL App (1st) 113755, ¶ 80.

¶ 18    There are two parts of the coverage that Evergreen purchased from Hanover Insurance that are at issue. One part is the "professional liability insurance policy." The other part is referred to by Hanover Insurance as the "directors & officers policy," and it is referred to by Evergreen as the "entity liability policy." The true characterization of the part of the policy that is relevant is that it is the "Corporate Entity Liability Insuring Agreement" of the "Directors & Officers and Entity Liability Coverage Part" of the "Private Company Advantage Policy." The characterization of the policy, policy part, or particular insuring agreement is not vitally important here, as our charge is to look at the language of the policy and the exclusions in total to determine whether coverage exists and, if so, whether any applicable exclusion removes the underlying claims from coverage. See *Myoda Computer Center, Inc. v. American Family Mutual Insurance Co.*, 389 Ill. App. 3d 419, 422 (2009) (in construing an insurance policy, we

must construe the policy as a whole and consider the type of insurance contracted for, as well as the nature of the risks covered and the overall purpose of the contract).

¶ 19     Understanding the coverage parts that *are* at issue is important to understanding Hanover Insurance's asserted bases for noncoverage. Those two parts are (1) the entity liability insuring agreement and (2) the professional liability insurance policy. The entity liability insuring agreement broadly covers "[l]oss which the Insured Entity is legally obligated to pay due to a Claim first made against the Insured Entity during the Policy Period." However, that part of the policy excludes coverage for claims "based upon arising out of or in any way related to the performance, provision or rendering of Professional Services."

¶ 20     Meanwhile, the "professional liability insurance policy" provides coverage for "any claim made against [Evergreen] arising from a wrongful act in the rendering or failure to render professional services by [Evergreen]." However, that policy excludes coverage for claims arising from "unfair or deceptive business practices," including "violations of any local, state or federal consumer protection laws." It is Hanover Insurance's position that a combination of those coverage exclusions removes the underlying class action claims from coverage such that it has no duty to defend Evergreen or MLK Partners in the underlying class action case.

¶ 21     We begin with Hanover Insurance's argument that the underlying claims are excluded from coverage under the professional liability insurance policy. We start with that argument because if Hanover's argument fails regarding whether the exclusion under that policy applies, then our inquiry into whether a duty to defend exists is over. If the exclusion asserted by Hanover Insurance under the professional liability insurance policy does not apply, then it has a duty to defend.

¶ 22     Based on the defenses asserted to coverage by Hanover Insurance, it owes Evergreen a defense under the professional liability insurance policy unless the claims in the underlying class action complaint are found to be claims arising out of "unfair or deceptive business practices," including "violations of any local, state or federal consumer protection laws."

¶ 23     The underlying class action claims against Evergreen are for violations of Chicago's RLTO. Hanover Insurance argues that the RLTO qualifies as a "local consumer protection law." In support of its argument, Hanover Insurance points to the RLTO's stated purpose, which is to "protect and promote the public health, safety and welfare of its citizens, to establish the rights and obligations of the landlord and the tenant in the rental of dwelling units, and to encourage the landlord and the tenant to maintain and improve the quality of housing." Chicago Municipal Code § 5-12-010 (amended Mar. 31, 2004). Hanover Insurance additionally points to numerous instances in which this court has explained the RLTO's significance as a remedial ordinance that protects the rights of tenants (citing *e.g.*, *Trutin v. Adam*, 2016 IL App (1st) 142853, ¶ 33; *Shadid v. Sims*, 2015 IL App (1st) 141973, ¶ 5).

¶ 24     Hanover Insurance points out that we have observed that a leasing tenant is someone who is purchasing services and, therefore, is a "consumer" (citing *Carter v. Mueller*, 120 Ill. App. 3d 314, 322-23 (1983)). We have made the finding that a residential tenant is a "consumer" in connection with our jurisprudence that a tenant is entitled to pursue claims against a landlord under the Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.* (West 2016)). See *Carter*, 120 Ill. App. 3d at 322-23; see also *Duncavage v. Allen*, 147 Ill. App. 3d 88, 102 (1986) (finding that a plaintiff could state a claim against a landlord under the then-operative consumer fraud act). Thus, Hanover Insurance's argument goes that a

residential tenant is a consumer, and the RLTO is intended to protect residential tenants, so the RLTO is a "consumer protection law."

¶ 25    While Hanover Insurance's position is logically sound, we are not persuaded that the RLTO is a "local consumer protection law" as that term is used in the policy. There are certainly parallels between the RLTO and consumer protection statutes, but the parallels do not make the ordinance, as a matter of law, a consumer protection law such that coverage for the claims at issue is clearly excluded by the terms of the policy. " '[W]here an exclusionary clause is relied upon to deny coverage, its applicability must be clear and free from doubt because any doubts as to coverage will be resolved in favor of the insured.' " *Erie Insurance Exchange v. Compeve Corp.*, 2015 IL App (1st) 142508, ¶ 17 (quoting *International Minerals & Chemical Corp. v. Liberty Mutual Insurance Co.*, 168 Ill. App. 3d 361, 367 (1988)). Here, there is room for reasonable disagreement about whether the RLTO qualifies as a "consumer protection law."

¶ 26    To say that the RLTO is clearly and unequivocally a consumer protection law, we would have to read the insurance policy in broad terms. But we are required to view insurance policy exclusions in narrow terms, not broad ones. " 'Absent absolute clarity on the face of the complaint that a particular policy exclusion applies, there exists a potential for coverage and an insurer cannot justifiably refuse to defend.' " *Lorenzo v. Capitol Indemnity Corp.*, 401 Ill. App. 3d 616, 620 (2010) (quoting *Novak v. Insurance Administration Unlimited, Inc.*, 91 Ill. App. 3d 148, 151 (1980)). The claims made in the underlying class action complaint do not, with absolute clarity, demonstrate that RLTO violations are violations of a consumer protection law.

¶ 27    Consumer protection laws are designed to protect the public—the *purchasers* of goods and services—against oppressive practices by merchants. *Johnston v. Anchor Organization for Health Maintenance*, 250 Ill. App. 3d 393, 396 (1993); see generally Michelle L. Evans, Annotation, *Who Is a 'Consumer' Entitled to Protection of State Deceptive Trade Practice and Consumer Protection Acts*, 63 A.L.R. 5th 1 (1998). The RLTO, on the other hand, has the purpose of balancing the rights and obligations for both tenants and landlords. For example, the principal consumer protection law in Illinois, the Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.* (West 2016)) was enacted as a regulatory and remedial statute for the purpose of protecting *consumers* and other purchasers of goods and services against fraud, unfair methods of competition, and unfair or deceptive acts or practices in the conduct of any form of trade or commerce. *Price v. Philip Morris, Inc.*, 219 Ill. 2d 182, 233-34 (2005). The RLTO meanwhile is a two-way street enacted to "establish the rights and obligations of the landlord and the tenant" and to "encourage the landlord and the tenant to maintain and improve the quality of housing." Both landlords and tenants derive direct benefit from the RLTO, while only purchasers of goods and services derive direct benefit from consumer protection laws.

¶ 28    The Chicago Municipal Code itself clearly distinguishes between consumer protection provisions and housing provisions. Title 4 of the Chicago Municipal Code is completely dedicated to businesses, occupations, and consumer protection. See Chicago Municipal Code § 4-4-005 *et seq.* A wholly separate title of the Code, Title 5, covers housing and economic development and includes the chapter setting forth the RLTO. See Chicago Municipal Code § 5-12-010 *et seq.* If it was beyond doubt that the RLTO must be construed to fall within the

purview of consumer protection, the RLTO chapter would be under Title 4 of the Chicago Municipal Code with all of the other consumer protection ordinances.

¶ 29    It would be very easy for insurers such as Hanover Insurance to include a policy exclusion indicating that coverage is excluded for violations of local housing ordinances. Hanover Insurance knew that it was contracting with a residential property management company. But Hanover Insurance, the drafter of the policy, opted to include broader terminology— "consumer protection law"—and now asks us to find that the exclusion also includes local housing ordinances. Hanover Insurance chose not to define what a consumer protection law meant under its policy. Hanover Insurance has likewise not pointed us to a single decision in which a court has found the exclusion at issue in this case or a similar exclusion to apply to exclude claims based on a local housing ordinance.

¶ 30    Hanover also argues that even if the RLTO is not found to be a consumer protection statute, the exclusion still applies because the exclusion applies broadly to claims for unfair or deceptive business practices. The full language of the exclusion at issue removes from coverage any claims "[a]rising out of false advertising, misrepresentation in advertising, antitrust, unfair competition, restraint of trade, *unfair or deceptive business practices*, including but not limited to, violations of any local, state or federal consumer protection laws." (Emphasis added). Hanover Insurance argues that the allegations in the underlying class action complaint constitute claims for unfair or deceptive business practices irrespective of whether the claims are considered to be for violations of a consumer protection law.

¶ 31    The claims interposed in the underlying class action case do not unequivocally represent claims for unfair or deceptive business practices. A party can violate the RLTO without having committed an unfair or deceptive business practice. A violation of the RLTO can occur through innocent inaction or oversight. See *Lawrence v. Regent Realty Group, Inc.*, 197 Ill. 2d 1, 9-12 (2001) (a landlord's violation of the Chicago RLTO does not need to be a knowing violation). Unfair or deceptive business practices require action, affirmative inaction, or misrepresentation. See *Stern v. Norwest Mortgage, Inc.*, 284 Ill. App. 3d 506, 513 (1996) (although the consumer fraud act has loosened the requirement of *scienter*, there must be a claim seated in deceptive acts).

¶ 32    The criteria for proving a violation of the RLTO and for proving the commission of an unfair or deceptive business practice are different. Not every violation of the RLTO is axiomatically an unfair or deceptive business practice. There is insufficient information pled in the underlying class action complaint to establish that the specific claims made therein definitively comprise claims for unfair or deceptive business practices. Evergreen could certainly be found liable for violating the RLTO without being found to have committed an unfair or deceptive business practice under the applicable consumer protection statutes in Illinois, so the language of the policy does not clearly preclude coverage.

¶ 33    Therefore, even assuming we were to accept Hanover Insurance's first argument, that the services provided by Evergreen are "professional services," Evergreen is entitled to coverage for claims arising from the performance of professional services under the professional liability insurance policy. The only exclusion Hanover Insurance relies upon to deny coverage under the professional liability insurance policy is the exclusion for "unfair or deceptive business practices" including "violations of any local, state or federal consumer protection laws." Because we find that the RLTO is not unequivocally a "consumer protection law" and we find that the claims alleged in the underlying complaint do not unequivocally arise from "unfair or

deceptive business practices," Hanover Insurance has a duty to defend Evergreen for the claims asserted in the underlying class action case.

¶ 34    As to Evergreen's cross-appeal, we find that the trial court properly granted summary judgment in Hanover Insurance's favor on Evergreen's claim for a vexatious or unreasonable conduct in denying Evergreen's claim under section 155 of the Illinois Insurance Code (215 ILCS 5/155 (West 2016)). The parties disagree about what standard of review is appropriate. Evergreen advocates for *de novo* review, and Hanover Insurance advocates for the abuse of discretion standard.

¶ 35    In some cases, Illinois courts have applied *de novo* review to summary judgment rulings that involved section 155 sanctions. *Employers Insurance of Wausau v. Ehlco Liquidating Trust*, 186 Ill. 2d 127, 160 (1999). In other cases, Illinois courts have explained that whether an insurer's actions are unreasonable and vexatious is a question of fact and, therefore, the trial court's determination on that question, even when made in a summary judgment context, should be upheld absent an abuse of discretion. See *John T. Doyle Trust v. Country Mutual Insurance Co.*, 2014 IL App (2d) 121238, ¶ 30. Whether to sanction a party under section 155 is an exercise that is typically replete with discretion. Section 155 itself provides that the court *may* impose attorney fees or a variety of other sanctions when *it appears to the court* that the conduct is vexatious and unreasonable. 215 ILCS 5/155 (West 2016). While we tend to agree with Evergreen's position on this matter and with the line of cases favoring the application of the abuse of discretion standard for section 155 dispositions in most circumstances, we would affirm the trial court's judgment not to award a sanction under either standard in this case.

¶ 36    Section 155 of the Illinois Insurance Code provides a penalty against insurers whose acts or delay in settling claims are vexatious or unreasonable. *Cramer v. Insurance Exchange Agency*, 174 Ill. 2d 513, 519-20 (1996). The statute provides an aggrieved insured with an extracontractual remedy when an insurer's misconduct is vexatious and unreasonable. *Cook v. AAA Life Insurance Co.*, 2014 IL App (1st) 123700, ¶ 31. The purpose of authorizing an award of attorney fees to an insured that prevails on a claim of bad faith against the insurance company is to provide a remedy to insureds who encounter unnecessary difficulties resulting from company's vexatious and unreasonable refusal to honor its contract with the insured. *Rogers Cartage Co. v. The Travelers Indemnity Co.*, 2018 IL App (5th) 160098, ¶ 94.

¶ 37    As we stated in analyzing Hanover Insurance's argument concerning its duty to defend, Hanover Insurance has put forth reasonable support for its position that the RLTO should be characterized as a consumer protection law. See s*upra* ¶ 25. Hanover Insurance simply did not carry its burden of demonstrating that the exclusion to coverage that it relied upon applies without doubt. See *Greenwich Insurance Co. v. RPS Products, Inc.*, 379 Ill. App. 3d 78, 85 (2008) (when an insurer relies upon an exclusionary clause to deny coverage, the exclusion's applicability must be clear and free from doubt).

¶ 38    Hanover Insurance's argument against coverage is not totally without merit such that section 155 is satisfied. Hanover Insurance put forth a good faith defense to coverage that required a novel interpretation of the policy and the RLTO. An insurer is not liable for a violation of section 155 when it takes a reasonable but erroneous position on its coverage obligations where its position is at least arguable. See *Dominick's Finer Foods v. Indiana Insurance Co.*, 2018 IL App (1st) 161864, ¶ 95 ("Though we have disagreed with [the insurer's] interpretation of the policy language at issue, we do not believe that its position was so unreasonable as to warrant damages under section 155. There is a difference between

disagreeing with a party's position and finding that position so untenable as to be unreasonable and evidence of bad faith."); see also *Rozenfeld v. Medical Protective Co.*, 73 F.3d 154, 158 (7th Cir. 1996). We find that the trial court did not err when it entered judgment in favor of Hanover Insurance on Evergreen's claim for a bad faith denial of an insurance claim under section 155.

¶ 39                                    CONCLUSION

¶ 40        Accordingly, we affirm.

¶ 41        Affirmed.