No. 3-09-0763

Filed December 28, 2010

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2010

| | | |
|---|---|---|
| WEST BEND MUTUAL INSURANCE, | ) | Appeal from the Circuit Court |
| | ) | for the 21st Judicial Circuit, |
| Plaintiff-Appellee, | ) | Kankakee County, Illinois, |
| | ) | |
| v. | ) | No. 01-MR-336 |
| | ) | |
| WANDA NORTON, | ) | Honorable |
| | ) | Kendall O. Wenzelman, |
| Defendant-Appellant. | ) | Judge, Presiding. |

PRESIDING JUSTICE HOLDRIDGE delivered the opinion of the court:

Wanda Norton sought an award of attorney fees from West Bend Mutual Insurance (West Bend) based upon her counterclaim that West Bend was vexatious and unreasonable in delaying the resolution of her uninsured motorist claim. Norton's action was brought pursuant to section 155 of the Illinois Insurance Code (the Code) (215 ILCS 5/155(1)(a) (West 2004)). The circuit court of Kankakee County granted summary judgment to West Bend, holding that it had not acted vexatiously or unreasonably in handling Norton's claim. The trial court issued a written order in which it found no reason to delay an appeal of its order in spite of the fact that it did not dispose entirely of the litigation, pursuant to Supreme Court Rule 304(a). 210 Ill. 2d R. 304(a). Norton then filed a timely appeal to this court.

FACTS

On September 14, 1998, Norton was driving her car when it was struck by a car driven by Karyn Patterson. At the time of the collision, Norton was insured by West Bend. Patterson was insured by American Family Insurance (American Family). Norton filed a claim with West Bend, which paid her $2,852.50 pursuant to her medical coverage and $4,232.26 for property loss and rental expenses. West Bend notified American Family of the payments it had made to Norton and sought reimbursement. At some point thereafter, American Family reimbursed West Bend for the property damage payment to Norton.

Norton hired counsel to represent her in a claim against Patterson. On June 15, 1999, Norton's counsel sent correspondence to American Family indicating Norton had special damages of $18,307.87. In response, American Family offered to settle Norton's claim for $7,800. Norton rejected the settlement offer and filed suit against Patterson on March 13, 2000. A default judgment was entered against Patterson on June 28, 2000, for $13,086. Norton's counsel did not inform either American Family or West Bend of the filing of the suit against Patterson. Counsel also did not inform American Family of the default judgment against Patterson until 90 days after entry of the judgment. As a result, American Family denied coverage due to lack of notice. After American Family denied coverage, Norton's attorney then contacted West Bend asserting an uninsured motorist claim. West Bend maintained that the only reason Patterson was "uninsured" was that Norton's attorney had failed to notify American Family of the lawsuit and the judgment. West Bend requested that Norton's attorney take steps to vacate the default judgment so West Bend could seek reimbursement from American Family. West Bend pointed out that Norton was contractually obligated under the policy to cooperate

with West Bend to protects its right to subrogation. Norton's attorney refused to vacate the judgment against Patterson.

On October 26, 2000, Norton filed suit against West Bend seeking payment pursuant to the uninsured motorist provision of her West Bend policy. On December 26, 2000, West Bend filed a motion to dismiss, maintaining that Norton's policy required that her uninsured motorist claim be submitted to arbitration. On March 7, 2001, the circuit court granted West Bend's motion without prejudice and dismissed Norton's claim.

On May 11, 2001, West Bend filed a declaratory judgment action, seeking to determine whether it was obligated under the policy in light of Norton's alleged actions and inactions regarding her claim against Patterson. Specifically, West Bend asked the court to determine whether the actions of Norton violated the terms of the policy and compromised West Bend's position with respect to seeking reimbursement from American Family and whether her actions precluded coverage under her uninsured motorist coverage. West Bend filed a motion for summary judgment maintaining that, as a matter of law, Norton breached her duty under the policy. The trial court denied the motion for summary judgment, finding that West Bend had failed to show "as a matter of law" that Norton had breached the policy.

On November 13, 2003, an agreed order was entered wherein the parties agreed to stay the declaratory judgment action pending resolution of the arbitration proceedings.

On January 26, 2005, the matter of Norton's claim for uninsured motorist coverage was heard by an arbitration panel. Approximately one week later, the arbitration panel issued a decision awarding $7,113.61 to Norton. West Bend promptly offered that amount to Norton's attorney on her uninsured motorist claim. The offer was refused.

3

On April 19, 2005, Norton filed a counterclaim in West Bend's declaratory action, seeking damages for vexatious and unreasonable delay pursuant to section 155 of the Code. The parties filed crossmotions for summary judgment. The court granted West Bend's motion to dismiss the section 155 counterclaim, stating:

> "[A]fter the arbitration finally occurred, Norton refused to accept the decision of the arbitration panel even though the docket entry in this file for November 18, 2003, states that the parties on that date agreed to go to arbitration. Throughout this Court's involvement with this case, West Bend has disputed its obligation to provide coverage. The Court finds that there were <u>bona</u> <u>fide</u> reasons for contesting said coverage. In reaching its decision, the Court is not finding that Norton, in fact, breached her obligations under the policy. That is not the issue presented by the pending motions. Instead, the issue is whether West Bend had a good faith basis for denying and contesting the uninsured motorist claim of Norton."

Norton appealed the trial court's ruling to this court.

## ANALYSIS

Summary judgment is appropriate where the pleadings, affidavits, depositions, and admissions on file, when viewed in the light most favorable to the nonmoving party, demonstrate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. <u>Smithberg v. Illinois Municipal Retirement Fund</u>, 192 Ill. 2d 291 (2000). Review of a trial court's ruling granting summary judgment is <u>de</u> <u>novo</u>. <u>Smithberg</u>, 192 Ill. 2d at

4

302. However, whether an insurer's action in denying or delaying payment of a claim is vexatious or unreasonable is a question of fact, and a trial court's determination regarding such will be upheld on review unless it is an abuse of discretion. Gaston v. Founders Insurance Co., 365 Ill. App. 3d 303, 325 (2006) ("'While the question of whether the insurer's action and delay is vexatious and unreasonable is a factual one, it is a matter for the discretion of the trial court. As such, the trial court's determination will not be disturbed on review unless an abuse of discretion is demonstrated in the record [Citation].'"). Thus, we note that the abuse of discretion standard of review applies even though the trial court granted summary judgment. Gaston, 365 Ill. App. 3d at 324-25.

Section 155 of the Code provides, in relevant part:

"In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees, ***."  215 ILCS 5/155 (West 2004).

Section 155 provides for an award of attorney fees and additional amounts in cases where the insurer caused a delay in settling or paying a claim, and it appears to the trial court that such action was unreasonable and vexatious. Mobil Oil Corp. v. Maryland Casualty Co., 288 Ill. App. 3d 743, 751-52 (1997). The key question in a section 155 claim is whether an insurance company's conduct is unreasonable and vexatious. McGee v. State Farm Fire & Casualty Co., 315 Ill. App. 3d 673 (2000). The relevant inquiry to determine whether an insurer's actions were

5

"unreasonable and vexatious" is whether it had a <u>bona</u> <u>fide</u> defense to the claim. <u>McGee</u>, 315 Ill. App. 3d at 683. An insurance company does not violate section 155 merely by unsuccessfully challenging a claim. <u>Buais v. Safeway Insurance Co.</u>, 275 Ill. App. 3d 587, 591 (1995). In addition, section 155 does not create a duty to settle, and a delay in settling a claim does not violate the Code if the delay is caused by a <u>bona</u> <u>fide</u> dispute concerning coverage. <u>Buais</u>, 275 Ill. App. 3d at 592.

Here, West Bend maintains that it had a <u>bona</u> <u>fide</u> dispute with Norton based upon: (1) Norton's failure to notify American Family of her suit and judgment against Patterson turned what would have been a claim payable by American Family into one where Patterson became an uninsured motorist; and (2) Norton's failure to cooperate with West Bend's request to vacate her default judgment, which would have provided West Bend with an avenue to secure reimbursement from American Family. West Bend points to a provision in Norton's policy which required her to cooperate with West Bend in any efforts to seek reimbursement from any other source:

> "[I]f we make payment under this policy and the person to
> or for whom payment was made has a right to recover damages
> from another; we shall be subrogated to that right. That person
> shall do:
>
> 1. What is necessary to enable us to exercise our rights;
> and
> 2. Nothing after loss to prejudice them."

The trial court determined that West Bend had a <u>bona</u> <u>fide</u> basis for challenging the claim. The court noted that West Bend did not deny the claim outright or delay the claim due to

6

inaction. Instead, West Bend responded to the claim by immediately maintaining that the merits of the uninsured motorist claim and the amount of the claim should be submitted to arbitration. Shortly thereafter, while the claim was still subject to arbitration, West Bend sought to have a determination as to whether it was even obligated to pay the claim. It was at this point that it raised the issue of Norton's possible failure to comply with the terms of the policy. It was also at this point that the parties agreed to await the ruling of the arbitration panel.

We find that the trial court did not abuse its discretion in finding that West Bend has a bona fide defense to Norton's claim and was entitled to pursue that defense. Moreover, it is axiomatic that a cause of action based upon vexatious delay in settling a claim must be rooted in an insurer's refusal to settle a claim. McGee, 315 Ill. App. 3d at 677-78. In the instant matter, it is clear from the record that Norton was in total agreement with the decision to await the arbitration ruling. Moreover, it is also clear from the record that West Bend agreed to immediately comply with the arbitration ruling, but Norton refused. Only at this point, some five years into the litigation, did Norton raise an allegation that West Bend was responsible for unreasonable and vexatious delay. Clearly, any delay in resolution of this matter was attributable to Norton's rejection of the arbitration award and not to any action on the part of West Bend.

Norton maintains that West Bend was unreasonable and vexatious in maintaining an inconsistent position in that it agreed to arbitration but also filed a declaratory action seeking to avoid coverage. Norton argues that West Bend was judicially estopped from continuing to seek a declaratory judgment after its motion for summary judgment was denied. See Wolfe v. Wolf, 375 Ill. App. 3d 702 (2007). We disagree. Norton is mistaken when she maintains that the trial court's denial of West Bend's motion for summary judgment that she violated the policy as a

7

matter of law required West Bend to stop further litigation and immediately provide coverage. The record shows that the trial court was not ruling on West Bend's liability when it denied summary judgment to West Bend. It merely found that West Bend's claim that Norton violated the policy was a disputed question of material fact and that West Bend was not entitled to a judgment as a matter of law. As the trial court noted on that issue when it dismissed Norton's counterclaim:

> "It would appear that it is the argument of counsel for Norton that the language is a judicial finding that there was no breach of contract by Norton. The proper reading of the language is that plaintiff, West Bend, failed to prove at that time that there was no question of fact as to Norton's breach of the terms of the insurance contract. The fact West Bend failed in their proof does not mean that the opposite was proven. That is just because West Bend failed to prove a breach occurred does not mean that a breach did not occur. Instead, it was the Court's determination at that time that questions of fact remained as to whether there was or was not a breach."

We find nothing in the trial court's ruling which resolved the question as to whether West Bend was obligated to pay the claim. Thus, Norton has no basis upon which to maintain that West Bend's failure to pay the claim after the denial of its summary judgment motion was unreasonable and vexatious.

CONCLUSION

The trial court found that it was reasonable for West Bend to pursue its claim that Norton violated the notice provision of the insurance contact while, at the same time, following the proper procedure of submitting the claim to arbitration as provided in the contract and agreed to by the parties. We find that the trial court did not abuse its discretion in ruling that West Bend was not unreasonable and vexatious in not paying Norton's claim.

The judgment of the circuit court of Kankakee County is affirmed. The matter is remanded for further proceedings consistent with this disposition.

Affirmed and remanded.

McDADE and O'BRIEN, JJ., concur.