# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Edens v. Godinez*, 2013 IL App (4th) 120297

---

| | |
|---|---|
| Appellate Court Caption | JAMES R. EDENS and AARON MAY, Plaintiffs-Appellants, v. S.A. GODINEZ and ONA WELCH, Defendants-Appellees. |
| District & No. | Fourth District<br>Docket No. 4-12-0297 |
| Rule 23 Order filed<br>Rule 23 Order withdrawn<br>Opinion filed | February 25, 2013<br><br>April 5, 2013<br>February 25, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action by two inmates of the Department of Corrections seeking a writ of *mandamus* alleging that two officials of the Department should have calculated plaintiffs' 50-year and 30-year sentences on the basis of a 360-day year, rather than a 365-day year, summary judgment was properly entered for defendants, since plaintiffs failed to show that they had a clear right to such a calculation, that the Department had a clear duty to act, or that any clear authority existed to support a claim for such relief; furthermore, there was no constitutional basis for plaintiffs' claim. |
| Decision Under Review | Appeal from the Circuit Court of Sangamon County, No. 10-MR-316; the Hon. Leslie J. Graves, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

James R. Edens, of Dixon, appellant *pro se*.

Lisa Madigan, Attorney General, of Chicago (Michael A. Scodro, Solicitor General, and Valerie Quinn, Assistant Attorney General, of counsel), for appellees.

Panel

PRESIDING JUSTICE STEIGMANN delivered the judgment of the court, with opinion.

Justices Appleton and Pope concurred in the judgment and opinion.

**OPINION**

¶ 1    In May 2010, plaintiffs, James R. Edens and Aaron May, both inmates at Dixon Correctional Center and proceeding *pro se*, jointly filed a petition for writ of *mandamus* under article 14 of the Code of Civil Procedure (Civil Code) (735 ILCS 5/14-101 through 14-109 (West 2010)), alleging that defendants, S.A. Godinez (Director, Illinois Department of Corrections (DOC)) and Ona Welch (DOC's Assistant Chief Records Officer), "arbitrarily calculated their sentences."

¶ 2    In December 2010, defendants filed a motion for summary judgment pursuant to section 2-1005 of the Civil Code (735 ILCS 5/2-1005 (West 2010)), arguing that no genuine issue of material fact existed because plaintiffs did not have a clear right to the relief sought. Following a May 2011 hearing, the trial court granted defendants' motion for summary judgment.

¶ 3    Plaintiffs *pro se* appeal, making several claims related to the trial court's dismissal of their petition for writ of *mandamus*. We affirm.

¶ 4                                    I. BACKGROUND

¶ 5    In December 1985, the trial court sentenced Edens to concurrent prison terms of 65 years for murder, 30 years for attempted murder, and 30 years for home invasion. In October 1993, the court sentenced May to concurrent prison terms of 50 years for murder and 15 years for kidnaping. In May 2010, plaintiffs *pro se* filed a petition for writ of *mandamus*, both alleging that Godinez and Welch "arbitrarily calculated their sentences (and inmates similarly situated)." In support of their allegation, plaintiffs cited section No. 01.07.400.II.F.2 of DOC's administrative directive, which states as follows:

"Felony sentences shall be calculated on a 30[-]day per month basis; the number of days of the sentence shall be the numerator and 30 shall be the denominator."

Edens claimed that if DOC had complied with the aforementioned 30-day per month basis–that is, a 360-day year–his prison release date should be April 13, 2016, instead of

October 2, 2016, which DOC calculated using a 365-day year. Similarly, May claimed that his release date should be May 3, 2018, instead of September 12, 2018.

¶ 6     In October 2010, plaintiffs *pro se* filed a "motion for judicial notice," requesting that the trial court take judicial notice of two pleadings concerning inmate Chris Lekas that had been filed in (1) Sangamon County case No. 08-MR-175 against Roger Walker, DOC's former director ("Defendant's Memorandum of Law in Support of Defendant's Motion to Dismiss") and (2) the United States District Court for the Northern District of Illinois against Nedra Chandler, the warden of the Dixon Correctional Center ("Respondent's Answer"). Plaintiffs claimed that, in both pleadings, DOC used a 360-day year–instead of a 365-day year–to calculate Lekas' prison release date.

¶ 7     In December 2010, defendants filed a motion for summary judgment pursuant to section 2-1005 of the Civil Code, arguing that no genuine issue of material fact existed because plaintiffs had no clear right to the relief sought. In this regard, defendants contended that the petition for writ of *mandamus* seeks five extra days of sentencing credit for each year plaintiffs serve in addition to the day-for-day and meritorious credit they are entitled to receive. Following a May 2011 telephonic hearing, the trial court granted defendants' summary judgment motion.

¶ 8     Following numerous postjudgment filings, in August 2012, the trial court conducted a telephonic hearing that resulted in the denial of the October 2010 "motion for judicial notice" plaintiffs had filed.

¶ 9     This appeal followed.

¶ 10     II. THE TRIAL COURT'S GRANT OF SUMMARY JUDGMENT

¶ 11     Plaintiffs argue that (1) the trial court erred by granting summary judgment in defendants' favor because they stated a cause of action for *mandamus* relief, (2) the court erred by denying their motion for judicial notice, and (3) the court's dismissal of their petition for writ of *mandamus* violated their constitutional right to equal protection. We address their arguments in turn.

¶ 12     A. Summary Judgment and the Standard of Review

¶ 13     "Summary judgment is appropriate where the pleadings, affidavits, depositions, and admissions on file, when viewed in the light most favorable to the nonmoving party, demonstrate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *West Bend Mutual Insurance v. Norton*, 406 Ill. App. 3d 741, 744, 940 N.E.2d 1176, 1179 (2010). We review *de novo* a trial court's order granting summary judgment. *Id.*

¶ 14     B. Plaintiffs' *Mandamus* Claim

¶ 15     Plaintiffs argue that the trial court erred by granting summary judgment in defendants' favor because they stated a cause of action for *mandamus* relief. Specifically, plaintiffs contend that DOC acted unlawfully when it "arbitrarily calculated" their respective prison

release dates in violation of section No. 01.07.400.II.F.2 of DOC's administrative directive. We disagree.

¶ 16    In *Rodriguez v. Illinois Prisoner Review Board*, 376 Ill. App. 3d 429, 433-34, 876 N.E.2d 659, 663-64 (2007), the Fifth District discussed *mandamus* relief, stating, in pertinent part, as follows:

"*Mandamus* is an extraordinary civil remedy that will be granted to enforce, as a matter of right, the performance of official nondiscretionary duties by a public officer. *Lee v. Findley*, 359 Ill. App. 3d 1130, 1133, 835 N.E.2d 985, 987 (2005). *** *Mandamus* will issue only where the plaintiff has fulfilled his burden (see *Mason v. Snyder*, 332 Ill. App. 3d 834, 840, 774 N.E.2d 457, 461 (2002)) to set forth *every* material fact needed to demonstrate that (1) he has a clear right to the relief requested, (2) there is a clear duty on the part of the defendant to act, and (3) clear authority exists in the defendant to comply with an order granting *mandamus* relief. *Baldacchino v. Thompson*, 289 Ill. App. 3d 104, 109, 682 N.E.2d 182, 186 (1997). A 'material fact' is one that 'is significant or essential to the issue or the matter at hand.' Black's Law Dictionary 611 (7th ed. 1999). Because Illinois is a fact-pleading jurisdiction, a plaintiff is required to set forth a legally recognized claim and plead facts in support of each element that bring the claim within the cause of action alleged. *Beahringer v. Page*, 204 Ill. 2d 363, 369, 789 N.E.2d 1216, 1221 (2003)." (Emphasis in original.)

¶ 17    In this case, plaintiffs assert that DOC has a clear duty to calculate their respective sentence based on the guidance contained within section No. 01.07.400.II.F.2 of DOC's administrative directive, which they claim has the "force and effect of law, and must be construed under the same standards which govern the construction of statutes." We are not persuaded.

¶ 18    In *Lucas v. Department of Corrections*, 2012 IL App (4th) 110004, ¶ 14, 967 N.E.2d 832, this court affirmed the trial court's dismissal of the plaintiff's suit that DOC was bound by its directive with regard to his mandatory supervised release (MSR) term because, as the plaintiff claimed, the directive "imposed on DOC a duty to find suitable residential placement for him." In rejecting the plaintiff's claim, we stated as follows:

"We are aware of no authority, however, for the premise that an administrative directive creates a duty on the part of the agency. It is true that administrative rules have the force of law [citation], but administrative directives are not administrative rules [citation]. DOC's administrative directive No. 04.50.115 is not part of the Illinois Administrative Code. An administrative directive is directed solely at the staff of the agency, not at the public, and hence it creates no duty on the part of the agency toward the public. [Citations.]

So, DOC had no statutory or regulatory *duty* to obtain a residential placement for plaintiff that would enable him to comply with the electronic monitoring that was a condition of his MSR (although DOC had statutory *authority* to try to do so–and did try to do so)." (Emphases in original.) *Lucas*, 2012 IL App (4th) 110004, ¶¶ 14-15, 967 N.E.2d 832.

¶ 19    As was the case in *Lucas*, DOC had no statutory or regulatory *duty* to calculate plaintiffs'

respective sentences in accordance with section No. 01.07.400.II.F.2. Instead, DOC was bound by section 1.10 of the Statute on Statutes, which states as follows:

> " 'Month' means a calendar month, and the word 'year,' a *calendar* year unless otherwise expressed; and the word 'year' alone, is equivalent to the expression 'year of our Lord.' " (Emphasis added.) 5 ILCS 70/1.10 (West 2010).

Therefore, because plaintiffs have failed to fulfill their burden to demonstrate that (1) they had a clear right to the calculation requested, (2) DOC had a clear duty to act, and (3) clear authority exists to comply with an order granting *mandamus* relief, we affirm the trial court's grant of summary judgment.

¶ 20    In so concluding, we decline to reach the merits of plaintiffs' second argument that the trial court erred by denying their motion for judicial notice because that claim is moot. Here, the pleadings plaintiffs requested the court take judicial notice of were in support of their petition for writ of *mandamus*. Thus, even if this court were to conclude that plaintiffs were correct, it would not alter our conclusion that they failed to state a claim for *mandamus* relief. See *In re Karen E.*, 407 Ill. App. 3d 800, 804, 952 N.E.2d 45, 50-51 (2011) ("Generally, Illinois courts do not decide moot issues, render advisory opinions or consider issues where the outcome will not be affected by how the issues are decided.").

¶ 21                              C. Plaintiffs' Constitutional Claim

¶ 22    Plaintiffs also argue that the trial court's dismissal of their petition for writ of *mandamus* violated their constitutional right to equal protection. Notwithstanding our earlier conclusion that DOC had no duty to calculate the length of plaintiffs' respective sentences as they claimed in their petition for writ of *mandamus*, we also reject plaintiffs' argument that they had a constitutional right to have their sentences calculated in such a manner.

¶ 23    In *Ashley v. Snyder*, 316 Ill. App. 3d 1252, 1258, 739 N.E.2d 897, 902 (2000), this court held that prison regulations, such as those found in the Illinois Administrative Code, "were designed to provide guidance to prison officials in the administration of prisons" and "were *never* intended to confer rights on inmates or serve as a basis for constitutional claims." (Emphasis in original.) See also *McNeil v. Carter*, 318 Ill. App. 3d 939, 943, 742 N.E.2d 1277, 1281 (2001) (citing *Ashley* approvingly, for the proposition that a statute does not confer a private right on inmates). The rationale for such a prohibition–which is equally pertinent to prison administrative directives as in this case–is to (1) prevent inmates–such as Edens and May–from "[searching] through prison regulations and state statutes in search of mandatory language on which to base their purported 'rights.' " *Ashley*, 316 Ill. App. 3d at 1259, 739 N.E.2d at 903.

¶ 24    As part of our opinion in *Ashley*, we noted further the constitutional rights inmates are afforded, as follows:

> "Inmates thus have a constitutional right to adequate shelter, food, drinking water, clothing, sanitation, medical care, and personal safety. [Citations.] Prisoners also have a reasonable right of access to courts and a right to a reasonable opportunity to exercise religious freedom under the first amendment. [Citation.] Beyond these, prisoners possess no other rights, only privileges." *Ashley*, 316 Ill. App. 3d at 1258-59, 739 N.E.2d at 903.

See also *Dupree v. Hardy*, 2011 IL App (4th) 100351, ¶¶ 25-26, 960 N.E.2d 1 (applying the aforementioned principles this court announced in *Ashley* to reject an inmate's claim that he had a "right" to access the prison yard).

¶ 25        Accordingly, we reject plaintiffs' constitutional claim.

¶ 26                                III. CONCLUSION

¶ 27        For the reasons stated, we affirm the trial court's judgment.

¶ 28        Affirmed.