2016 IL App (2d) 150502
No. 2-15-0502
Opinion filed January 29, 2016

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE Y-NOT PROJECT, LTD., and MARGARET BORCIA, Individually and as President of The Y-Not Project, Ltd., | ) ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) | No. 13-MR-1435 |
| FOX WATERWAY AGENCY, | ) ) | |
| Defendant-Appellee | ) ) ) | |
| (Wayne D. Blake, Chairman of the Fox Waterway Agency Board of Directors; and Mike Shields, Dan Mitchell, Jim Meyer, Chuck Haling, Bill Brookman, and Phil Bartmann, Members of the Fox Waterway Agency Board of Directors, Defendants). | ) ) ) ) ) ) ) | Honorable Diane E. Winter, Judge, Presiding. |

_____

JUSTICE SPENCE delivered the judgment of the court, with opinion.
Justices McLaren and Burke concurred in the judgment and opinion.

**OPINION**

¶ 1    Plaintiffs, The Y-Not Project and Margaret Borcia, appeal the grant of summary

judgment in favor of defendant, the Fox Waterway Agency (FWA), on their amended complaint

for *mandamus*.    On appeal, Borcia[1] argues that the trial court erred by granting summary

_____

        [1] We refer to both plaintiffs as simply Borcia.

judgment in favor of the FWA, by limiting discovery, and by limiting her ability to amend the complaint. We affirm.

¶ 2                                I. BACKGROUND

¶ 3     This case arose from a tragic accident at the Chain O Lakes in July 2012, when Borcia's 10-year-old son, Tony Borcia, was killed. The boy was tubing on Petite Lake when he was struck by a boater who was driving fast and under the influence of alcohol and cocaine. After her son's death, Borcia founded and became president of the Y-Not Project, a not-for-profit corporation located in Lake County.

¶ 4     On July 26, 2013, Borcia filed a complaint for *mandamus* against the FWA and its board of directors. The FWA is a special-purpose unit of local government that has authority to improve and maintain the Chain O Lakes pursuant to the Fox Waterway Agency Act (Fox Waterway Act) (615 ILCS 90/1 *et seq.* (West 2012)). In her complaint, Borcia alleged that the FWA failed to adopt necessary and reasonable ordinances and rules to allow for safe boating, sailing, canoeing, swimming, water skiing, rowing, ice boating, fishing, hunting, and other recreational uses, as required by section 7.1 of the Fox Waterway Act. See 615 ILCS 90/7.1 (West 2012) (the FWA "shall implement reasonable programs and adopt necessary and reasonable ordinances and rules to improve and maintain the Chain O Lakes" for the recreational purposes set forth above).[2] In particular, Borcia alleged that the FWA failed to adopt any reasonable speed limits or other regulations to protect people in the water or, in the alternative, failed to warn people in the water that the waterway was a dangerous thoroughfare. According to Borcia, the provisions in section 7.1 of the Fox Waterway Act were mandatory rather than

_____

[2] Pursuant to the Fox Waterway Act, the FWA adopted a code of rules and regulations (FWA Code).

discretionary.

¶ 5    In addition, Borcia alleged that the FWA failed to provide for the enforcement of the programs implemented pursuant to the Fox Waterway Act, including contracting with any state agency or law enforcement agency, as required by section 7.7 of the Fox Waterway Act. See 615 ILCS 90/7.7 (West 2012) (the FWA "shall provide for the enforcement of this Act and the programs implemented pursuant to it, and may contract with any State agency or any law enforcement agency for this purpose"). Borcia argued that the provisions in section 7.7, like those in section 7.1, were mandatory and not discretionary. According to Borcia, the FWA failed to allocate "any amount for enforcement since 2010" despite retaining revenue from the sale of annual boat stickers. Borcia alleged that the FWA had no patrol boats or other ways to enforce its rules and regulations.

¶ 6    For relief, Borcia requested a writ of *mandamus* requiring the FWA to adopt necessary and reasonable ordinances and rules to allow for safe recreational uses. She also requested a writ of *mandamus* requiring the FWA to budget reasonable and sufficient funds to enforce its rules and regulations and to enter into agreements with the Lake County sheriff and the McHenry County sheriff for marine patrol services.

¶ 7    In October 2013, the FWA moved to dismiss Borcia's complaint pursuant to sections 2-615 and 2-619(a)(9) of the Code of Civil Procedure (Code) (735 ILCS 5/2-615, 2-619(a)(9) (West 2012)). In its motion, the FWA argued that: Borcia lacked standing; Borcia's proposed writs of *mandamus* violated the separation-of-powers doctrine; Borcia failed to state a cause of action for *mandamus* relief; and its individual board members should be dismissed as parties. In December 2013, the court dismissed the board members but denied the remainder of the motion to dismiss.

¶ 8     The FWA answered Borcia's complaint in February 2014.  Then, on May 21, 2014, the FWA filed a motion for summary judgment pursuant to section 2-1005 of the Code (735 ILCS 5/2-1005 (West 2014)).  The FWA attached to the motion a memorandum, a statement of undisputed material facts, the FWA Code, meeting minutes showing that the FWA had adopted a budget for 2014, and an affidavit of Ron Parker, the current executive director in charge of enforcing the FWA Code.  Fox Waterway Agency Code of Rules and Regulations No. 3.02 (the executive director has the "overall responsibility to implement the administration, interpretation and enforcement" of the FWA Code).

¶ 9     The FWA argued as follows in its motion for summary judgment.  First, regarding Borcia's request for a writ of *mandamus* requiring the FWA to adopt necessary and reasonable ordinances and rules to allow for safe recreational uses, the FWA argued that it had complied with the requirements of the Fox Waterway Act.  Borcia, on the other hand, was misstating the Fox Waterway Act's requirements by adding the word "safe."  Alternatively, the FWA argued that the action proposed by Borcia was discretionary and thus not subject to *mandamus* relief. Second, with respect to Borcia's request for a writ of *mandamus* requiring the FWA to budget reasonable and sufficient funds to enforce its rules and regulations, the FWA argued that Borcia had again misstated the requirements of the Fox Waterway Act, which did not require that funds be budgeted for enforcement.  Last, in response to Borcia's request for a writ of *mandamus* requiring the FWA to enter into agreements with the Lake County and McHenry County sheriffs for marine patrol services, the FWA argued that such an action was discretionary and not subject to *mandamus*.

¶ 10     A hearing on the FWA's motion for summary judgment was scheduled for August 6, 2014.

¶ 11    In the meantime, on July 8, 2014, the FWA filed a motion to limit the scope of discovery. In its motion, the FWA stated that Borcia had served it with interrogatories pursuant to Illinois Supreme Court Rule 213(f) (eff. Jan. 1, 2007) and requests to produce documents.  The FWA argued that the majority of Borcia's discovery requests were unnecessary and irrelevant to her ability to respond to its motion for summary judgment.  The FWA further argued that the requests were overly broad and burdensome in that Borcia had asked for all of the FWA's budgets, rules, regulations, board meeting minutes, accident reports, and emails from the last 10 years.  Although Borcia claimed to need the information in order to prove what actions were "reasonable" on the FWA's part, the FWA argued that what was "reasonable" was within its discretion.  According to the FWA, the information that Borcia sought was outside a *mandamus* action, which compels the performance of official duties by a public officer where no exercise of discretion is involved.  Furthermore, the FWA argued that, because *mandamus* compels a public official to comply with a current duty, its actions 10 years before were irrelevant.

¶ 12    On July 22, 2014, Borcia responded to the FWA's motion to limit the scope of discovery. As to the FWA's argument that she did not need the requested documents in order to respond to its motion for summary judgment, Borcia argued that they were necessary to respond to the FWA's argument that it had complied with the Fox Waterway Act.  According to Borcia, the requested documents were relevant or could lead to relevant evidence.  In her prayer for relief, Borcia asked that the court deny the FWA's motion to limit the scope of discovery, order the FWA to answer the written discovery, and allow her to take depositions if necessary.

¶ 13    In August 2014, the court granted the FWA's motion by limiting discovery to the previous three years.

¶ 14    In November 2014, Borcia filed a response to the FWA's motion for summary judgment

and included a response to the FWA's statement of undisputed material facts. She also submitted her own statement of undisputed material facts. In her response, Borcia argued that the intent of the Fox Waterway Act was for the FWA to adopt reasonable ordinances and rules regarding speed limits and other boating restrictions and for it to legally enforce its ordinances and rules. According to Borcia, questions of fact existed as to whether the FWA had complied with the mandatory provisions of the Fox Waterway Act, meaning that the trial court could determine that the provisions of the FWA Code were not reasonable to improve and maintain the Chain O Lakes for purposes of boating, sailing, canoeing, swimming, water skiing, rowing, ice boating, fishing, hunting, and other recreational uses. Borcia thus argued that the court could grant a writ of *mandamus* ordering the FWA to implement reasonable programs and to adopt necessary and reasonable ordinances and rules to improve and maintain the Chain O Lakes for recreational uses.

¶ 15    Borcia further argued that the FWA had not allocated any money to enforce the FWA Code, and she attached the FWA's budgets for 2012 through 2014. In addition, Borcia attached Tony's accident report and the minutes from the meeting at which board members of the FWA discussed boater safety issues. Borcia argued that the trial court could grant a writ of *mandamus* ordering the FWA to allocate reasonable sums for enforcing its rules and regulations.

¶ 16    In December 2014, the FWA filed a response to Borcia's statement of undisputed material facts and a reply in support of its motion for summary judgment. Also in December 2014, Borcia was granted leave, over the FWA's objection, to file an amended complaint, which the court clarified would "be [her] last opportunity" to do so.

¶ 17    On January 13, 2015, Borcia filed an amended complaint for *mandamus*. The amended complaint mirrored the original, with the following additions. Borcia alleged that the FWA was

aware: (1) of the dangers of boating including that on average two boaters were killed every day on America's waterways; (2) that waterways were second only to highways as the scenes of accidental deaths; (3) that approximately one-third of fatal boating accidents involved boating under the influence of alcohol; (4) that numerous restaurants and bars on the Chain O Lakes had boat access and served alcoholic beverages to boaters; (5) of sand bars where boaters anchored their boats for hours and drank alcoholic beverages; and (6) that so many boaters were under the influence of alcohol on weekends that numerous residents on the Chain O Lakes would not allow their children in the water on weekends. With respect to Petite Lake in particular, Borcia alleged that the FWA was aware of the danger of it being a small lake with two outlets to larger lakes that numerous boats used every day to access other parts of the Chain O Lakes. Borcia alleged that, despite this knowledge, the FWA had not adopted any daytime speed limits, boat-size limits, no-swim areas, or prohibition of intoxicated boat driving.

¶ 18    As in the original complaint, Borcia alleged that the FWA was not allocating any funds to enforce the programs implemented pursuant to the Fox Waterway Act, as required by section 7.7; the FWA was not employing law enforcement officers; and the FWA had no boats for law enforcement. Specifically, the FWA did not allocate funds or have intergovernmental agreements with the Department of Natural Resources, the Lake County sheriff, or the McHenry County sheriff for patrol and the enforcement of the programs implemented pursuant to the Fox Waterway Act.

¶ 19    For relief, Borcia requested that the court enter a writ of *mandamus* requiring the FWA to "implement reasonable programs and adopt necessary and reasonable ordinances and rules to allow for safe boating, sailing, canoeing, swimming, water skiing, rowing, ice boating, fishing, hunting and other recreational uses on the Chain O Lakes" and to "provide for enforcement of

the programs implemented" pursuant to the Fox Waterway Act.

¶ 20    The FWA responded with a supplemental brief in support of its motion for summary judgment.

¶ 21    On April 7, 2015, the parties appeared for a hearing on the FWA's motion for summary judgment. On Borcia's motion, the hearing date was continued to a final date of April 13, 2015.

¶ 22    On April 13, 2015, Borcia did not appear in court for additional argument on the FWA's motion for summary judgment. The court granted the motion with prejudice. In doing so, the court noted that: it had reviewed all the briefs and pleadings and the parties' arguments from December 16, 2014[3]; it had permitted Borcia to file an amended complaint; and it had reviewed the FWA's supplemental brief.

¶ 23    Borcia timely appealed.

¶ 24                        II. ANALYSIS

¶ 25                        A. Summary Judgment

¶ 26    We begin with Borcia's argument that the trial court erred by granting summary judgment in favor of the FWA. Summary judgment motions are governed by section 2-1005 of the Code (735 ILCS 5/2-1005 (West 2014)). Summary judgment should be granted only where the pleadings, depositions, admissions, and affidavits on file, when viewed in the light most favorable to the nonmoving party, show that there is no genuine issue as to any material fact and that the moving party is clearly entitled to judgment as a matter of law. *Pielet v. Pielet*, 2012 IL 112064, ¶ 29. Although a plaintiff is not required to prove his or her case at the summary judgment stage, the plaintiff must present a factual basis that would arguably entitle him or her to a judgment. *Oliveira-Brooks v. Re/Max International, Inc.*, 372 Ill. App. 3d 127, 134 (2007).

---

[3] The record does not include any transcripts.

¶ 27 "Because Illinois is a fact-pleading jurisdiction, a plaintiff is required to set forth a legally recognized claim and plead facts in support of each element that bring the claim within the cause of action alleged." (Internal quotation marks omitted.) *Edens v. Godinez*, 2013 IL App (4th) 120297, ¶ 16. If the plaintiff fails to establish any element of the cause of action, then summary judgment in favor of the defendant is proper. *Williams v. Manchester*, 228 Ill. 2d 404, 417 (2008). Our review of the trial court's grant of summary judgment is *de novo*. *Lazenby v. Mark's Construction, Inc.*, 236 Ill. 2d 83, 93 (2010).

¶ 28 Borcia argues that the grant of summary judgment was improper because she stated a cause of action for *mandamus* relief. She argues that the FWA's duties under the Fox Waterway Act are mandatory and that genuine issues of material fact preclude the grant of summary judgment. *Mandamus* is an extraordinary remedy to enforce the performance by a public officer of nondiscretionary official duties. *Noyola v. Board of Education of the City of Chicago*, 179 Ill. 2d 121, 133 (1997). "Where public officials have failed to comply with mandatory statutory requirements, the purpose of *mandamus* is to compel public officials to do so." *Clarke v. Community Unit School District 303*, 2014 IL App (2d) 131016, ¶ 25. *Mandamus* will issue only where the plaintiff has fulfilled his or her burden to set forth every material fact needed to demonstrate that (1) the plaintiff has a clear right to the relief requested, (2) there is a clear duty on the part of the defendant to act, and (3) clear authority exists in the defendant to comply with an order granting *mandamus* relief. *Edens v. Godinez*, 2013 IL App (4th) 120297, ¶ 16.

¶ 29 As stated, Borcia sought *mandamus* relief pursuant to sections 7.1 and 7.7 of the Fox Waterway Act. Section 7.1 provides:

> "The [FWA] *shall implement reasonable programs and adopt necessary and reasonable ordinances and rules to improve and maintain* the Chain O Lakes—Fox River

recreational waterway from the Wisconsin State line to the Algonquin Dam for the purposes of boating, sailing, canoeing, swimming, water skiing, rowing, iceboating, fishing, hunting and other recreational uses, to help prevent or control flooding of the waterway, to improve recreational uses of the waterway, to prevent pollution and otherwise improve the quality of the waterway, to promote tourism, and to *create and administer a procedure for establishing restricted areas*."  (Emphases added.)  615 ILCS 90/7.1 (West 2012).

¶ 30    Section 7.7 of the Fox Waterway Act then provides that "[t]he [FWA] *shall provide for the enforcement of this Act* and the programs implemented pursuant to it, and may contract with any State agency or any law enforcement agency for this purpose."  (Emphasis added.)  615 ILCS 90/7.7 (West 2012).

¶ 31    Borcia admits that in her amended complaint she did not request a writ of *mandamus* requiring the FWA to adopt any specific rule.  Indeed, Borcia acknowledges that the Fox Waterway Act does not require the FWA to adopt specific "safety" rules, such as daytime speed limits, restrictions on boat or engine sizes, or prohibitions on operating a boat while under the influence of drugs or alcohol.  Nevertheless, Borcia argues that the lack of such rules raises genuine issues of material fact as to whether the FWA Code is sufficient to satisfy the FWA's "mandatory duties" under sections 7.1 and 7.7 of the Fox Waterway Act.

¶ 32    Other genuine issues of material fact, according to Borcia, stem from the FWA's attachments to its statement of undisputed material facts.  These issues, also related to safety, include:  (1) the FWA's failure to address several dangerous situations on the Chain O Lakes and the Fox River, despite its awareness of these dangers; (2) whether the FWA complied with its "mandatory duty" to adopt necessary and reasonable ordinances and rules to improve and

maintain the waterway for recreational purposes; (3) whether the FWA has provided for enforcement of the programs implemented pursuant to the Fox Waterway Act, such as through the FWA Code enforcement officer's actions, allocating funds, or contracting for patrol boats; and (4) whether the FWA has established any restricted areas in compliance with section 7.1 of the Fox Waterway Act or its own provisions on safety in the FWA Code.

¶ 33   The FWA initially responds that Borcia has failed to establish a cause of action for *mandamus* relief, because nothing in the Fox Waterway Act imposes a duty to implement or enforce programs, ordinances, or rules related to "safety." See *Edens*, 2013 IL App (4th) 120297, ¶ 19 (because the plaintiffs failed to show a duty on the defendant's part in their complaint for *mandamus*, the reviewing court affirmed the trial court's grant of summary judgment). The FWA points out that Borcia requested a writ of *mandamus* requiring the FWA to "implement reasonable programs and adopt necessary and reasonable ordinances and rules to allow" for *safe* recreational uses (section 7.1) as well as a writ of mandamus requiring the FWA to "provide for enforcement of the programs implemented" (section 7.7). However, as the FWA correctly notes, sections 7.1 and 7.7 impose no duty on it related to safety.

¶ 34   Borcia concedes that the language in the Fox Waterway Act does not contain the word "safe." Nevertheless, she argues, the FWA's duties under sections 7.1 and 7.7 necessarily involve safety. According to Borcia, the FWA's duties to implement and enforce necessary and reasonable ordinances and rules to improve and maintain the waterway necessarily are tantamount to duties concerning safety. Given the overall intent of the Fox Waterway Act, Borcia argues, her use of the word "safe" in her prayer for relief is not fatal to her complaint for *mandamus*. Borcia further argues that, even without the word "safe" in her prayer for relief, she has still established a cause of action for *mandamus* relief, in that sections 7.1 and 7.7 impose

mandatory duties on the FWA. Because sections 7.1 and 7.7 state that the FWA "shall" implement and enforce necessary and reasonable ordinances and rules to improve and maintain the waterway, Borcia argues that the FWA's duties under the Fox Waterway Act are mandatory and thus subject to *mandamus* relief.

¶ 35 Even assuming that the use of the word "safe" does not defeat Borcia's request for *mandamus* relief, we determine that Borcia has failed to establish a cause of action for *mandamus* relief. This is because the duties with which she seeks to compel compliance are discretionary rather than mandatory. As stated, *mandamus* relief is an extraordinary remedy to direct a public official or body to perform a ministerial duty that does not involve the exercise of judgment or discretion. *Stevens v. Village of Oak Brook*, 2013 IL App (2d) 120456, ¶ 39. While *mandamus* is an appropriate remedy to compel compliance with mandatory legal standards, relief will *not* be granted when the act in question involves the exercise of discretion. *People ex rel. Birkett v. Konetski*, 233 Ill. 2d 185, 193 (2009).

¶ 36 The duties imposed on the FWA by sections 7.1 and 7.7 of the Fox Waterway Act are to implement and enforce "necessary and reasonable" ordinances and rules to improve and maintain the waterway. However, what constitutes and how to enforce a "necessary and reasonable" ordinance or rule to improve and maintain the waterway are inherently discretionary. The court in *Tyska v. Board of Education Township High School District 214, Cook County*, 117 Ill. App. 3d 917 (1983), explained what makes an act discretionary:

> "Discretion in the manner of the performance of an act arises when the act may be performed in one of two or more ways, either of which would be lawful, and where it is left to the will or judgment of the performer to determine in which way it shall be performed. But when a positive duty is enjoined, and there is but one way in which it can

be performed lawfully, then there is no discretion." (Internal quotation marks omitted.)

*Id*. at 922.

Because there are countless ways to implement and enforce "necessary and reasonable" ordinances and rules to improve and maintain the waterway, the FWA's duties are discretionary, not mandatory. Rather than to compel a clearly defined, ministerial act, Borcia seeks to have the court do what the legislature has empowered the FWA to do, which is to use its discretion in enacting and enforcing ordinances and rules. See *Moore v. Grafton Board of Trustees*, 2011 IL App (2d) 110499, ¶ 7 (the court should not interfere with the discretion given by the legislature to a unit of local government).

¶ 37    Borcia tries to overcome this hurdle by pointing to the Fox Waterway Act's use of the word "shall." The word "shall" generally indicates a mandatory obligation, although courts sometimes interpret it as directory or permissive. See *Emerald Casino, Inc. v. Illinois Gaming Board*, 346 Ill. App. 3d 18, 27 (2003). Treating "shall" as mandatory here,[4] the most that can be said is that the FWA is required to exercise its discretion (*i.e.*, implement and enforce necessary and reasonable ordinances and rules to improve and maintain the waterway); it cannot be told *how* to exercise its discretion. See *Howell v. Snyder*, 326 Ill. App. 3d 450, 452 (2001) (although *mandamus* may be used to compel a public official to in fact exercise the discretion that he possesses, it may not be used to direct or alter the manner in which that discretion is to be exercised). Here, by adopting the FWA Code, the FWA has exercised its discretion; it may not be told how to exercise its discretion. See *Chicago Ass'n of Commerce & Industry v. Regional*

---

[4] Fox Waterway Agency Code of Rules and Regulations No. 1.02 (Appendix A Definitions) states "Shall is mandatory."

*Transportation Authority*, 86 Ill. 2d 179, 185 (1981) ("the court will not interfere in determining how defendants exercise their discretion in discharging their duties").

¶ 38     In sum, because the duties Borcia seeks to enforce are discretionary, not mandatory, she has failed to establish a claim for *mandamus* relief.  Therefore, the trial court properly granted summary judgment in favor of the FWA.

¶ 39                                B. Discovery

¶ 40     Borcia also argues that the trial court erred by limiting discovery.  She argues that the limitation prevented her from discovering all the evidence supporting her theory of the case and from fully investigating the issues raised in her amended complaint.

¶ 41     As previously stated, Borcia served the FWA with Rule 213(f) interrogatories and requests to produce documents.  In particular, Borcia sought documents from the past 10 years, including the FWA's budgets, rules, regulations, board meeting minutes, accident reports, and emails.  According to Borcia, the information was needed to prove what actions on the FWA's part were "reasonable."  The FWA responded with a motion to limit the scope of discovery, arguing that the discovery requests were overly broad and burdensome, seeking documents that were irrelevant and unnecessary for Borcia to respond to its motion for summary judgment.  In addition, the FWA argued that the discovery requests fell outside a *mandamus* action because they involved matters of discretion, *i.e.*, the reasonableness of its actions, and because they related to its past actions and not its current duties.  Borcia countered that the discovery was necessary to determine whether the FWA had complied with the Fox Waterway Act.  The trial court granted the FWA's motion to limit the scope of discovery by limiting the time period of the requested documents to the past three years.  It is undisputed that the FWA complied with the

request to produce documents for the past three years but never completed the Rule 213(f) interrogatories.

¶ 42    Illinois Supreme Court Rule 201(b)(1) (eff. July 1, 2002) establishes the scope of permissible pretrial discovery and provides:

> "[A] party may obtain by discovery full disclosure regarding any matter relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking disclosure or of any other party, including the existence, description, nature, custody, condition, and location of any documents or tangible things, and the identity and location of persons having knowledge of relevant facts."

Rule 201(b)(1) is founded on the basic premise that the objective of discovery is the expeditious and final determination of controversies in accordance with the substantive rights of the parties. *Manns v. Briell*, 349 Ill. App. 3d 358, 360-61 (2004). Discovery should be used only to illuminate the actual issues in the case. *Id.* at 361.

¶ 43    The trial court is given great latitude in determining the scope of discovery, because the range of relevance and materiality for discovery purposes includes not only what is admissible at trial but also that which leads to what is admissible at trial. *Martinez v. Pfizer Laboratories Division*, 216 Ill. App. 3d 360, 365-66 (1991). Although the scope of permissible discovery is indeed broad, it is not unlimited; the court, in exercising its discretion, must balance "the needs of truth and excessive burden to the litigants." *Welton v. Ambrose*, 351 Ill. App. 3d 627, 633 (2004). A reviewing court will not disturb a discovery order absent an abuse of discretion. *TTX Co. v. Whitley*, 295 Ill. App. 3d 548, 553 (1998).

¶ 44    The trial court's decision to limit discovery to the past three years was not an abuse of discretion. Significantly, the trial court did not limit the range of documents Borcia could seek

but limited only the time frame, which still resulted in discovery of approximately 900 pages. Further, Borcia's inability to prove her case was not due to insufficient discovery. We have already determined that Borcia failed to establish a cause of action for *mandamus* relief, because the FWA's duties under sections 7.1 and 7.7 of the Fox Waterway Act are discretionary. No amount of discovery, even the 10 years of documents that Borcia requested, would change this result. Therefore, Borcia cannot show that the trial court abused its discretion by limiting discovery to a three-year period. See *United Nuclear Corp. v. Energy Conversion Devices, Inc.*, 110 Ill. App. 3d 88, 105 (1982) (the trial court has broad discretionary power to ensure fair and orderly trials, and it can restrict pretrial discovery where probative value is lacking).

¶ 45 Moreover, the cases cited by Borcia are distinguishable. For example, in *Peterson v. Randhava*, 313 Ill. App. 3d 1, 10-11 (2000), the reviewing court reasoned that the trial court's tailoring of the discovery process to the narrow issue raised by the defendant's motion regarding a single allegation in the plaintiff's multi-issue complaint hampered the plaintiff's opportunity to respond to the trial court's *sua sponte* entry of summary judgment. Unlike the trial court in *Peterson*, the trial court in this case did not limit discovery to one issue or grant summary judgment *sua sponte*. Rather, as stated, the trial court allowed full discovery of the documents that Borcia requested, with the only restriction being the time frame.

¶ 46 Next, in *United Nuclear*, 110 Ill. App. 3d at 105, the trial court abused its discretion by restricting the scope of discovery on the basis of its erroneous interpretation of a contract, thereby obstructing the ascertainment of truth. Again, the trial court made no such mistake here.

¶ 47 Last, in *Senese v. Climatemp, Inc.*, 222 Ill. App. 3d 302, 319 (1991), the trial court abused its discretion by barring the plaintiff from engaging in any discovery, especially discovery concerning questioned documents that the court relied on in making its factual

determination. The reviewing court noted that challenged exhibits such as altered stock certificates, changed corporate records, and official documents with strike marks begged for a clearer explanation. *Id*. at 320. Unlike *Senese*, this case involved no exhibits that demanded a clearer explanation.

¶ 48 In a related argument, Borcia argues that the trial court should have ordered the FWA to answer her Rule 213(f) interrogatories and permitted her to take depositions if necessary.

¶ 49 The FWA disagrees with Borcia's characterization of what the trial court ordered. The FWA argues that the trial court never excused it from answering the Rule 213(f) interrogatories and did not prevent Borcia from taking depositions. Rather, the FWA argues, the court's ruling served only to limit the time frame for the requested documents.

¶ 50 Borcia, in her reply brief, argues that the FWA's position is "not accurate." Borcia bases her argument on one sentence, the prayer for relief, in her response to the FWA's motion to limit the scope of discovery. In her prayer for relief, Borcia asked that the court deny the FWA's motion to limit the scope of discovery, order the FWA to answer the written discovery, and allow her to take depositions if necessary.

¶ 51 At the outset, we note that the record does not support Borcia's position, in that the trial court's order made no mention of the Rule 213(f) interrogatories or depositions but stated only that the FWA's motion was granted and that Borcia's discovery requests were limited to the past three years. Borcia addressed this issue at oral argument, stating that, although the trial court's order referred only to the three-year limit regarding her request for documents, the court nevertheless made clear at the hearing that it was not ordering additional discovery. Because there is no transcript of the hearing on the FWA's motion to limit discovery, we resolve against Borcia any doubts that arise from the record. See *Estate of Prather v. Sherman Hospital*

*Systems*, 2015 IL App (2d) 140723, ¶¶ 48-49 (the appellant has the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error, and any doubts that arise from the incompleteness of the record will be resolved against that party).

¶ 52    But even assuming that Borcia's position is correct regarding the extent of the trial court's discovery order, Borcia admits that, after the FWA provided three years of documents, she did not pursue further discovery.  In other words, she never filed a motion to compel or a request for depositions.  See *Dolan v. O'Callaghan*, 2012 IL App (1st) 111505, ¶ 57 (because of the defendant's refusal to answer questions, the plaintiff was required to file a motion to compel); see also *Kane v. Motorola, Inc.*, 335 Ill. App. 3d 214, 225 (2002) (the plaintiffs' failure to request additional discovery meant they could not later complain that discovery was insufficient or limited).  Regardless, as we explained above, no amount of additional discovery would change the result in this case, given Borcia's failure to establish a claim for *mandamus* relief.

¶ 53                    C. Failure to Answer Complaint

¶ 54    Borcia's next argument is that the trial court erred by granting summary judgment in favor of the FWA where the FWA failed to answer her amended complaint, which she argues resulted in the admission of all well-pleaded facts.  See 735 ILCS 5/2-610(b) (West 2012).  The FWA responds that its failure to answer Borcia's amended complaint did not preclude the entry of summary judgment, and we agree.

¶ 55    The FWA filed an answer to Borcia's original complaint and then a motion for summary judgment.  While the motion for summary judgment was pending, Borcia filed her amended complaint.  Borcia's amended complaint largely mirrored the original complaint, except that it alleged the FWA's awareness of dangerous situations on the waterway and omitted the request

that the FWA be ordered to budget funds to enforce its rules and regulations and enter into agreements with the Lake and McHenry County sheriffs for marine patrol services. In response, the FWA filed a supplement to its motion for summary judgment, addressing the changes in the amended complaint. As the FWA points out, a party may file a motion for summary judgment at any time, even before filing an answer. See *Falcon Funding, LLC v. City of Elgin*, 399 Ill. App. 3d 142, 156 (2010). Once the FWA filed a motion for summary judgment, and that motion was granted, there was no reason for it to answer Borcia's amended complaint. In other words, there was nothing of consequence in Borcia's amended complaint that was not refuted by the substance of the FWA's motion for summary judgment. See *Bank of Waukegan v. Epilepsy Foundation of America*, 163 Ill. App. 3d 901, 905 (1987) (in response to the claim that the defendant's failure to file an answer prior to filing its summary judgment motion resulted in its admission of all well-pleaded facts in the complaint, and thus precluded summary judgment, the court noted that every factual allegation of consequence contained in the plaintiff's complaint had been contradicted specifically or in substance in the defendant's summary judgment motion). Accordingly, we reject Borcia's argument that the failure to answer her amended complaint precluded the entry of summary judgment.

¶ 56                          D. Denial of Amendments to Complaint

¶ 57     Borcia's last argument on appeal is that the trial court erred by barring further amendments to her complaint. Borcia argues that the word "safe" in her request for *mandamus* relief either was consistent with the intent of the Fox Waterway Act or could easily have been stricken from the amended complaint. Alternatively, Borcia argues that the trial court could have granted her leave to file a second amended complaint rather than stating that her amended complaint was her "last opportunity" to amend. Borcia also argues that it is unclear whether the

trial court granted summary judgment on this basis and that, if it did, it committed reversible error.

¶ 58   We begin by noting that Borcia never sought to strike the word "safe" from her amended complaint and never sought to file a second amended complaint to address this issue. Therefore, even though the trial court stated that her amended complaint was her "last opportunity" to amend, she never challenged this ruling, which means that this issue is forfeited on appeal. See *In re Katarzyna G.*, 2013 IL App (2d) 120807, ¶ 10 (ordinarily, the failure to raise an issue in the trial court results in forfeiture of that issue on appeal). Regardless, we have already determined that, with or without the word "safe" in her prayer for relief, Borcia failed to establish a claim for *mandamus* relief and the FWA was clearly entitled to judgment as a matter of law. For this reason, the basis of the trial court's decision to grant summary judgment does not matter, in that our result would remain the same.

¶ 59                                   III. CONCLUSION

¶ 60   For the reasons stated, we affirm the judgment of the Lake County circuit court.

¶ 61   Affirmed.