**2020 IL 124417**

# IN THE

# SUPREME COURT

# OF

# THE STATE OF ILLINOIS

_____

(Docket No. 124417)

THE PEOPLE OF THE STATE OF ILLINOIS *ex rel.* LISA MADIGAN, Attorney General, Appellant, v. STATELINE RECYCLING, LLC, *et al.* (Elizabeth Reents, Appellee).

*Opinion filed December 3, 2020.*

JUSTICE NEVILLE delivered the judgment of the court, with opinion.

Chief Justice Anne M. Burke and Justices Kilbride, Garman, Karmeier, and Theis concurred in the judgment and opinion.

Justice Michael J. Burke took no part in the decision.

## OPINION

¶ 1       The Illinois Attorney General and the Illinois Environmental Protection Agency (IEPA) initiated this civil enforcement action, alleging several violations of the Environmental Protection Act (Act) (415 ILCS 5/1 *et seq.* (West 2016)) with regard to a parcel of property located in Rockford, Illinois. The complaint was brought against defendants Elizabeth Reents, as the owner of the subject property, and

Stateline Recycling, LLC, a limited liability company that allegedly conducted an operation involving the dumping of construction and demolition debris on the property. Pursuant to Illinois Supreme Court Rule 214(a) (eff. July 1, 2014), the Attorney General initiated pretrial discovery seeking to inspect the subject property. Reents refused to permit the inspection, and the circuit court of Winnebago County granted the Attorney General's motion to compel her to comply with the Rule 214(a) inspection request. After Reents asserted a good-faith objection and respectfully refused to comply with the discovery order, the circuit court held her in contempt so that she could file an appeal.

¶ 2        The appellate court reversed, holding that fourth amendment principles must be considered because the party requesting the inspection in this case was the government. 2018 IL App (2d) 170860, ¶¶ 39-40. The appellate court vacated the discovery order and remanded the case to the circuit court for application of fourth amendment principles in ruling on the Attorney General's motion to compel. *Id.* ¶¶ 69-70. We allowed the Attorney General's petition for leave to appeal. Ill. S. Ct. R. 315(a) (eff. July 1, 2018). For the reasons that follow, we vacate the judgment of the appellate court and remand to that court for further proceedings.

¶ 3                                    I. BACKGROUND

¶ 4        The subject matter of this environmental enforcement action is a parcel of property consisting of approximately 10 acres, which is locked and gated and located at 2317 Seminary Street in Rockford, Illinois. Reents became the owner of the site when she obtained a tax deed to the property on April 8, 2015.

¶ 5        In January 2017, the Attorney General, on her own motion and at the request of the IEPA, on the behalf of the People of the State of Illinois, filed this civil enforcement action against defendants for violations of the Act (415 ILCS 5/1 *et seq.* (West 2016)).[1] The complaint, as finally amended, asserted several counts against both Reents and Stateline Recycling, LLC, including allegations of open dumping of waste without a permit; disposal, storage, and abandonment of waste at an unpermitted facility; open dumping of waste resulting in litter and the

---

[1]Attorney General Kwame Raoul succeeded Attorney General Lisa Madigan in January 2019 and pursues the appeal before this court. See 735 ILCS 5/2-1008(d) (West 2018).

deposition of construction and demolition debris; and failure to pay clean construction and demolition debris fill operation fees. *Id.* §§ 21(a), (e), (p), 22.51(a). The Attorney General sought injunctive relief as well as a civil penalty of $50,000 for the violation of the Act, an additional $10,000 for each day the violation continues, and costs pursuant to the Act. *Id.* §§ 42, 43.

¶ 6    The complaint alleged that Stateline Recycling, LLC, and/or its corporate predecessor, Busse Development & Recycling, Inc., conducted an operation for the dumping of construction and demolition debris at the site. According to the complaint, an inspection of the site by an IEPA inspector on July 29, 2015, showed mixed piles consisting of concrete, brick, painted cinder blocks, asphalt, and soil. Some of the mixed materials were placed above the ground. The inspection also revealed that there was no indication of recycling the material, although a Stateline Recycling, LLC, representative indicated an intention to recycle it. The complaint further alleged that at a follow-up inspection on July 14, 2016, the IEPA inspector found the gate to the site unlocked and open, although no personnel were present. From his vantage point by the front gate, the inspector observed the continued presence of the same materials that were noted in the July 2015 inspection.

¶ 7    In April 2017, the Attorney General issued Reents a discovery request pursuant to Illinois Supreme Court Rule 214(a) (eff. July 1, 2014), seeking access to the site to perform an inspection. In particular, the Rule 214(a) discovery notice requested that Reents permit the following:

"[a]llow representatives of the Illinois Attorney General access to the real property controlled and/or owned by Reents located at 2317 Seminary Street, Rockford, Winnebago County, Illinois, including any buildings, trailers, or fixtures thereupon. Plaintiff requests access on May 5, 2017 at 11 a.m., or at such other time as may be agreed between the parties. At this inspection, representatives of the Illinois Environmental Protection Agency may also accompany Attorney General representatives and conduct an inspection pursuant to their authority under 415 ILCS 5/4 (2014)."

¶ 8    In response, Reents objected to the site inspection, claiming that it improperly sought to circumvent the constitutional requirement for a warrant and violated the fourth amendment of the United States Constitution (U.S. Const., amend. IV) and article I, section 6, of the Illinois Constitution (Ill. Const. 1970, art. I, § 6).

¶ 9    The Attorney General attempted to resolve the discovery dispute during the spring and summer of 2017 pursuant to Illinois Supreme Court Rule 201(k) (eff. July 1, 2014), but Reents refused to permit access to the site. In July 2017, the Attorney General filed a motion to compel Reents to allow her representatives access to the site. In support, the Attorney General explained that, because the site was the subject matter of the action, the nature and condition of the site were relevant to the alleged violations of the Act and the site was subject to inspection under this court's rules. The Attorney General argued that her representatives should be allowed access to the site, including any buildings, trailers, or fixtures for inspection under Rule 214(a). The Attorney General also argued that IEPA representatives should be allowed to accompany her representatives during the inspection because of its own independent statutory authority to conduct inspections of the site (415 ILCS 5/4(c) (West 2016)) and to monitor compliance with the Act (*id.* § 4(d)). The Attorney General further noted that certain industries have a history of government oversight and that no reasonable expectation of privacy could exist for an owner of property used in such industries. According to the Attorney General, landfills are a highly regulated commercial activity, and inspections by the IEPA can be expected.

¶ 10    Reents opposed the motion to compel and again contended that the inspection request constituted an attempt to use Rule 214(a) to circumvent the probable cause and warrant requirements of the fourth amendment. Reents also disputed that she was engaged in a highly regulated commercial activity because she had recently obtained title to the property through a tax purchase and there was no evidence that she had conducted or permitted the conduct of regulated activities upon her property.

¶ 11    In reply, the Attorney General reasoned that Rule 214(a)'s plain language applies to all parties in civil litigation, without excepting a government litigant. The Attorney General maintained that the civil discovery rules, including their relevance, reasonableness, and judicial oversight requirements, satisfy constitutional concerns.

¶ 12    Following a hearing at which Reents acknowledged that the site had been a landfill in the past, the circuit court granted the Attorney General's motion to compel her compliance with the 214(a) request to inspect the site. The circuit court

reasoned that Rule 214 applies to all civil cases and permits any party to request access to real estate for inspection when it is relevant to the subject matter of the litigation. The circuit court determined that the subject matter of the litigation is the property currently owned by Reents and that the alleged violations of the Act pertained to the property. The court further explained that, because this was a civil case and not a criminal case, the fourth amendment posed no impediment to the Attorney General's right to inspect the site pursuant to Rule 214(a).

¶ 13 Based on Reents's good-faith objection to the order compelling her to comply with the inspection notice, the circuit court subsequently held her in contempt and imposed a monetary sanction of $100 so that she could appeal the issue. The circuit court stayed the discovery order pending appeal.

¶ 14 The appellate court reversed the circuit court's discovery order, vacated the contempt order, and remanded the case for further proceedings. 2018 IL App (2d) 170860, ¶ 73.

¶ 15 Initially, the appellate court took judicial notice of the fact that the Attorney General successfully obtained an administrative warrant pursuant to section 4 of the Act, authorizing IEPA representatives to enter the site to " 'observe, inspect, and photograph the Site, and all operations, processes, structures and materials upon said Site.' " *Id.* ¶ 19. The appellate court also acknowledged that the Attorney General was not relying on that portion of the civil discovery order. *Id.*

¶ 16 The appellate court explained that, although Rule 214(a) allows the inspection of property relevant to the subject matter and the site is relevant to this action, relevance did not set the bar here. *Id.* ¶¶ 42-43. The appellate court reasoned that, though civil in form, this action amounted to a quasi-criminal proceeding since the statutory scheme allows for substantial civil penalties, injunctive relief, and, although not currently sought in this case, criminal penalties and forfeiture. *Id.* ¶ 43.

¶ 17 The appellate court held that the civil discovery rules do not satisfy the core protection of the fourth amendment. *Id.* ¶ 54. The court further held that fourth amendment protection applies to Reents's privacy interest in the property and to the government's request for access to the site. *Id.*

¶ 18    Relying on *New York v. Burger*, 482 U.S. 691, 702-03 (1987), the appellate court determined that a warrantless administrative inspection of a closely regulated business is reasonable only if (1) there is a substantial government interest underlying the regulatory scheme pursuant to which the inspection is made, (2) the inspection is necessary to further the regulatory scheme, and (3) the regulatory scheme sets forth sufficient " 'certainty and regularity' " to provide the business owner with a constitutionally adequate substitute for a warrant. 2018 IL App (2d) 170860, ¶ 64. The appellate court concluded that the circuit court erred in failing to consider fourth amendment principles and *Burger*'s framework in crafting the discovery order. *Id.*

¶ 19    Lastly, the court explained that Reents had forfeited any constitutional challenge to section 4(d)(1) of the Act because she had not raised the challenge in the circuit court. *Id.* ¶ 68.

¶ 20    This court granted the Attorney General's petition for leave to appeal. Ill. S. Ct. R. 315(a) (eff. July 1, 2018).

¶ 21                                II. ANALYSIS

¶ 22                            A. Statutory Overview

¶ 23    The purpose of the Act is to establish a unified, statewide program, supplemented by private remedies, to restore, protect, and enhance the quality of the environment and to assure that adverse effects upon the environment are fully considered and borne by those who cause them. The terms and provisions of this Act are liberally construed so as to effectuate the purposes of the Act, and to the extent that the Act prescribes criminal penalties, it is construed in accordance with the Criminal Code of 2012 (720 ILCS 5/1-1 *et seq.* (West 2016)). 415 ILCS 5/2 (West 2016).

¶ 24    The IEPA has authority to conduct a program of continuing surveillance and of regular or periodic inspection of actual or potential refuse disposal sites. 415 ILCS 5/4(c) (West 2016). In accordance with constitutional limitations, the Agency has authority to enter at all reasonable times upon any private or public property for the

purpose of inspecting and investigating to ascertain possible violations of this Act. *Id.* § 4(d)(1).

¶ 25    The Act also provides that any person that violates any provision of the Act shall be liable for a civil penalty not to exceed $50,000 for the violation and an additional civil penalty not to exceed $10,000 for each day during which the violation continues. *Id.* § 42(a). In addition, although not sought in this case, the criminal penalty for violation of this Act is a Class A misdemeanor (*id.* § 44), and the Act provides for forfeiture of profits, benefits, or other property (*id.* § 44.1(a)).

¶ 26                              B. Governing Civil Discovery Rules

¶ 27    In Illinois, discovery in civil actions is governed by Illinois Supreme Court Rules 201 through 224. Ill. S. Ct. Rs. Art. II, part E. Rule 201 and related rules, which control the specific discovery methods, form a comprehensive scheme for fair and efficient discovery, with judicial oversight to protect litigants from harassment. *Kunkel v. Walton*, 179 Ill. 2d 519, 531 (1997).

¶ 28    Relevant here, the plain language of Rule 214(a) includes four distinct and critical aspects:

        (1) the rule applies to any party and makes no distinction for government litigants;

        (2) it specifically allows for the inspection of real estate;

        (3) it permits such inspection whenever the nature, contents, or condition of the real estate is relevant to the subject matter of the action; and

        (4) it requires that the request specify a reasonable time (with at least 28 days' notice), along with the place and manner of the inspection. Ill. S. Ct. R. 214(a) (eff. July 1, 2014).

¶ 29    Rule 201 sets out several of the general principles regarding civil discovery. Ill. S. Ct. R. 201 (eff. July 1, 2014). It addresses the scope for pretrial discovery and provides that a party may obtain, by discovery, full disclosure regarding any matter relevant to the subject matter involved in the pending action. *Id.*

¶ 30 Further, Rule 201 contains several provisions to prevent discovery abuse. Rule 201(c)(1) allows the entry of a protective order to deny, limit, condition, or regulate discovery, as justice requires, to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or oppression. Ill. S. Ct. R. 201(c)(1) (eff. July 1, 2014). In addition, Rule 201(c)(2) provides that the circuit court, on its own initiative, may supervise all or any part of any discovery procedure. Ill. S. Ct. R. 201(c)(2) (eff. July 1, 2014).

¶ 31 Rule 219(a) provides that, if a party refuses to comply with an inspection of real property, the party serving the request may on like notice move for an order compelling compliance with the request. Ill. S. Ct. R. 219(a) (eff. July 1, 2002). If the court finds that the refusal or failure was without substantial justification, the court shall require the offending party or deponent, or the party whose attorney advised the conduct complained of, or either of them, to pay to the aggrieved party the amount of the reasonable expenses incurred in obtaining the order, including reasonable attorney fees. *Id.* When appropriate, the court may, by contempt proceedings, compel obedience by any party to any order entered under these rules. Ill. S. Ct. R. 219(c) (eff. July 1, 2002).

¶ 32 In the context of civil discovery, our rules provide certain safeguards by limiting discovery to information that is relevant to the issues in the lawsuit. Ill. S. Ct. R. 201(b)(1) (eff. July 1, 2014). This court has recognized that the scope of information considered relevant can be broad, including both evidence that would be admissible at trial and information leading to discovery of admissible evidence. *Monier v. Chamberlain*, 31 Ill. 2d 400, 403 (1964). In addition, the relevance requirement safeguards against "improper and abusive" discovery and acts as an "independent constraint on discovery." *Kunkel*, 179 Ill. 2d at 533. Further, the discovery rules' relevance and proportionality requirements ensure the constitutional reasonableness of discovery orders. *Id.* at 538 (observing that, in the context of civil discovery, reasonableness is a function of relevance).

¶ 33 Civil discovery proceedings compel discovery within the judicial process under the direction of the neutral circuit court judge, who ensures that a discovery request and ensuing order comply with this court's rules' reasonable protections, after the responding party has notice and an opportunity to be heard. See *Illinois v. Krull*, 480 U.S. 340, 348 (1987). Whether the discovery order is too broad in scope is a

matter of discretion committed to the circuit court. *People ex rel. General Motors Corp. v. Bua*, 37 Ill. 2d 180, 191 (1967). Pursuant to our rules, the circuit court has authority and responsibility to issue orders that will discourage abuse of the discovery process. Ill. S. Ct. R. 201 (eff. July 1, 2014); see also *Zagorski v. Allstate Insurance Co.*, 2016 IL App (5th) 140056, ¶ 36.

¶ 34                    C. Consideration of the Appellate Court's Judgment

¶ 35        Initially, we observe that the only issue that was properly before the appellate court was whether the circuit court's discovery order constituted an abuse of discretion. Yet, the appellate court did not resolve that question and, instead, held that fourth amendment principles must be applied to its review of the discovery order. Given the nature of the appellate court's disposition and Reents's arguments before this court, we deem it necessary to clarify that the following questions are not at issue in this case: (1) the constitutionality of section 4(d) of the Act (415 ILCS 5/4(d) (West 2016)), permitting warrantless inspections; (2) the propriety of the administrative warrant issued to the IEPA, allowing inspection of the site; (3) any inquiry as to the constitutionality of discovery pursuant to statute or an administrative warrant that is issued outside of litigation; (4) any criminal liability or penalties that could be available under the Act in a different case; and (5) the constitutionality of our Rule 214(a) (Ill. S. Ct. R. 214(a) (eff. July 1, 2014)).

¶ 36        Although discovery orders are not final and, therefore, ordinarily are not appealable, the correctness of a discovery order may be tested through contempt proceedings where, as here, a party is found in contempt for refusing to comply. *Harris v. One Hope United, Inc.*, 2015 IL 117200, ¶ 6; *Norskog v. Pfiel*, 197 Ill. 2d 60, 69 (2001); see also Ill. S. Ct. R. 304(b)(5) (eff. Feb. 26, 2010). Review of a circuit court's contempt finding requires review of the order upon which it was based. *Norskog*, 197 Ill. 2d at 69. Discovery orders are typically reviewed for an abuse of discretion. *Id.* at 70.

¶ 37        The Attorney General argues, *inter alia*, that the appellate court erred in deciding the appeal on constitutional grounds. In particular, the Attorney General contends that, because the issue presented involves a civil discovery order that was entered pursuant to our rules, the appellate court should have reviewed the order for an abuse of discretion. We agree.

¶ 38    As this court has explained on numerous occasions, cases should be decided on nonconstitutional grounds whenever possible, and constitutional issues should be reached only as a last resort. *The Carle Foundation v. Cunningham Township*, 2017 IL 120427, ¶ 34; see also *People v. Melchor*, 226 Ill. 2d 24, 33-36 (2007); *Wade v. City of North Chicago Police Pension Board*, 226 Ill. 2d 485, 510 (2007); *Mulay v. Mulay*, 225 Ill. 2d 601, 607 (2007). Consequently, courts must avoid reaching constitutional issues when a case can be decided on nonconstitutional grounds. *The Carle Foundation*, 2017 IL 120427, ¶ 34; see also *People v. Hampton*, 225 Ill. 2d 238, 244 (2007). With this long-standing rule in mind, we consider whether the appellate court acted properly in addressing Reents's constitutional arguments. See *Melchor*, 226 Ill. 2d at 34-36.

¶ 39    As noted above, the sole issue presented by this appeal is whether the circuit court's discovery order compelling Reents to comply with the Attorney General's Rule 214(a) request to inspect the site constituted an abuse of discretion. The appellate court acknowledged that such orders are reviewed for abuse of discretion (2018 IL App (2d) 170860, ¶ 17) but did not address that question. Rather, the appellate court ignored our established rule mandating avoidance of constitutional questions where possible and proceeded directly to an analysis of whether the discovery order violated Reents's constitutional rights under the fourth amendment. In concluding that the protections found in our civil discovery rules do not satisfy the reasonableness standard when the government is the requesting party, the appellate court effectively held that Rule 214(a) is unconstitutional but failed to explain whether that rule is unconstitutional on its face or as applied to Reents. The appellate court further failed to recognize that Reents had not challenged the constitutionality of Rule 214.

¶ 40    Courts should not find our discovery rules unconstitutional when a particular case does not require it. Reents has not disputed that the circuit court applied the plain language of Rule 214(a) as written. Therefore, if she sought to argue that application of Rule 214(a) violated her constitutional rights, she was required to specifically challenge the rule itself—either on its face or as applied to her in this case. But she has not done so. She did not assert that argument in the appellate court, and she has not presented such a claim in this court. Indeed, she repeatedly assured this court at oral argument that she was not asserting a constitutional challenge to the rule.

¶ 41 In light of our long-standing rule that cases should be decided on nonconstitutional grounds whenever possible, the appellate court should have proceeded to review the discovery order for an abuse of discretion. First, the court should have examined the Attorney General's Rule 214(a) inspection notice to ascertain whether it satisfied the explicit requirements of the rule. Second, the court should have considered any specific objections asserted by Reents as to the scope, timing, or manner of inspection. Lastly, the court should have addressed whether the circuit court abused its discretion by failing to limit the request, enter a protective order, or supervise the discovery to ensure that the Attorney General's inspection targeted only what was relevant to the subject matter of the litigation.

¶ 42 Given that Reents did not challenge the constitutionality of the rule, there was absolutely no basis for the appellate court to reach any constitutional questions in this case, and it was improper for the court to do so. Accordingly, we vacate the appellate court's judgment and remand the cause to the appellate court with directions to address the nonconstitutional issue of whether the circuit court abused its discretion.

¶ 43 As a final matter, we note the Attorney General's contention that, because Reents failed to assert any specific objection to the scope or timing of the Rule 214(a) inspection request, she has forfeited all such challenges and the circuit court's order can be affirmed on that ground. However, Rule 201(c) provides that the circuit court can, on its own initiative, issue protective orders and supervise discovery to prevent abuse. Ill. S. Ct. R. 201(c) (eff. July 1, 2014). Although Reents's primary contentions focus on alleged violations of her fourth amendment rights, she argued, in the alternative, that the circuit court's order constituted an abuse of discretion. The appellate court should have addressed that nonconstitutional issue. For this reason, we remand the case to the appellate court for review of the circuit court's order under the abuse-of-discretion standard.

¶ 44 III. CONCLUSION

¶ 45 For the foregoing reasons, we vacate the judgment of the appellate court and remand the case to that court with directions that it review the circuit court's discovery order for an abuse of discretion.

¶ 46       Appellate court judgment vacated and remanded with directions.

¶ 47       JUSTICE MICHAEL J. BURKE took no part in the consideration or decision of this case.