2021 IL App (2d) 170860-U
No. 2-17-0860
Order filed March 9, 2021

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE *ex rel.* LISA MADIGAN, | ) ) | Appeal from the Circuit Court of Winnebago County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 17-CH-60 |
| | ) | |
| STATELINE RECYCLING, LLC, and ELIZABETH REENTS, | ) ) | |
| | ) | |
| Defendants, | ) | |
| | ) | Honorable |
| (Elizabeth Reents, | ) | Edward J. Prochaska, |
| Defendant-Appellant). | ) | Judge, Presiding. |

JUSTICE HUDSON delivered the judgment of the court.
Justices Birkett and Brennan concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The trial court properly granted the Illinois Attorney General's motion to compel defendant's compliance with a discovery request, pursuant to Illinois Supreme Court Rule 214(a) (eff. July 1, 2014), to inspect the property at issue in this environmental enforcement action.

¶ 2    Defendant, Elizabeth Reents, appeals from the trial court's order finding her in "friendly contempt" and imposing a monetary sanction of $100 for failing to comply with a discovery order. The discovery order requires that she grant the Illinois Attorney General, the Illinois

Environmental Protection Agency (IEPA), and their representatives access to inspect her property pursuant to the Attorney General's discovery request under Illinois Supreme Court Rule 214(a) (eff. July 1, 2014). On appeal, this court reversed the circuit court's decision, holding that fourth amendment principles (U.S. Const., amend. IV) must be considered because the party requesting the inspection in this case was the government and the matter was brought under a statutory scheme that allowed for substantial civil penalties, injunctive relief, and although not sought at the time, potential criminal penalties and forfeiture. *People ex rel. Madigan v. Stateline Recycling, LLC,* 2018 IL App (2d) 170860, ¶¶ 39-40, 43. We therefore vacated the discovery order and remanded the case to the circuit court for application of fourth amendment principles in ruling on the Attorney General's motion to compel. *Id.* ¶¶ 69-70. The Attorney General was granted leave to appeal by the Illinois Supreme Court. *People ex rel. Madigan v. Stateline Recycling, LLC,* 132 N.E.3d 326 (Table) (2019) (order granting leave to appeal). The supreme court vacated our judgment, finding that this court erred in deciding the appeal on constitutional grounds. *People ex rel. Madigan v. Stateline Recycling, LLC,* 2020 IL 124417, ¶ 37. The court remanded the case with directions that we review the discovery order for an abuse of discretion. *Id.* ¶ 41. For the following reasons, we affirm the discovery order, vacate the contempt order and monetary sanction, and remand for further proceedings.

¶ 3                              I. BACKGROUND

¶ 4      The facts of this case have been fully presented in our earlier decision and the supreme court's decision. Therefore, we will only summarize those facts necessary to place the issues in context.

¶ 5      The subject matter of this environmental enforcement action is a parcel of property of approximately 10 acres located at 2317 Seminary Street in Rockford, Winnebago County, Illinois

(the site). Reents became the owner of the site when she obtained a tax deed to the property in April 2015.

¶ 6    In January 2017, the Attorney General, on her own motion and at the request of the IEPA, filed this civil enforcement action against Reents and Stateline Recycling, LLC, for violations of the Illinois Environmental Protection Act (Act) (415 ILCS 5/1 *et seq.* (West 2016)).[1]  The complaint, as amended, asserts several counts against both Reents and Stateline Recycling, including allegations of open dumping of waste without a permit; disposal, storage, and abandonment of waste at an unpermitted facility; open dumping resulting in litter and the depositing of construction and demolition debris; and failure to pay clean construction or demolition debris fill operation fees.  *Id.* §§ 21(a), (e), (p), 22.51(a).  The Attorney General seeks injunctive relief as well as a civil penalty of $50,0000 for violation of the Act, an additional $10,000 for each day the violation continues, and costs.

¶ 7    The Attorney General alleges that Stateline Recycling and/or its corporate predecessor, Busse Development & Recycling, Inc., conducted an operation for the dumping of construction and demolition debris at the site.  According to the amended complaint, a July 2015 inspection by the IEPA revealed mixed piles of concrete, brick, painted cinder blocks, asphalt, and soil at the site, with some of the mixed material placed above ground. There was no indication of recycling although, at the inspection, the Stateline Recycling representative stated an intention to recycle the material. The complaint further alleges that at a subsequent inspection of the site in July 2016, the IEPA inspector observed the continued presence of the materials seen during the prior inspection.

---

[1] Attorney General Kwame Raoul succeeded Attorney General Lisa Madigan in January 2019 and now pursues this appeal.

¶ 8    In April 2017, the Attorney General issued a discovery request to Reents pursuant to Illinois Supreme Court Rule 214(a) (eff. July 1, 2014) seeking access to the site, specifically to:

> "Allow representatives of the Illinois Attorney General access to the real property controlled and/or owned by Reents located at 2317 Seminary Street, Rockford, Winnebago County, Illinois, including any buildings, trailers, or fixtures thereupon. Plaintiff requests access on May 5, 2017 at 11 a.m., or at such other time as may be agreed between the parties. At this inspection, representatives of the Illinois Environmental Protection Agency may also accompany Attorney General representatives and conduct an inspection pursuant to their authority under 415 ILCS 5/4 (2014)."

¶ 9    Reents objected to the discovery request on grounds that it was an improper attempt to circumvent the constitutional requirement for a warrant and therefore violated the fourth amendment to the United States Constitution (U.S. Const., amend. IV) and article I, section 6 of the Illinois Constitution of 1970 (Ill. Const. 1970, art. I, § 6). After unsuccessful efforts to resolve the discovery dispute pursuant to Illinois Supreme Court Rule 201(k) (eff. May 29, 2014), the Attorney General filed a motion to compel Reents to permit inspection of the site. In response to the motion to compel, Reents argued that the Attorney General was required to obtain a search warrant to inspect the site and that the prior inspections amounted to unconstitutional warrantless searches. She argued that the Attorney General sought to "misuse and abuse" this civil action to accomplish another warrantless search.

¶ 10    Following a hearing, the trial court entered an order granting the Attorney General's motion to compel Reents's compliance with the Rule 214(a) request for the site inspection, including the request that the IEPA attend the inspection. The trial court reasoned that Rule 214 applies to all civil cases and allows any party to seek inspection of real property relevant to the subject matter

of the action. The court stated that the subject matter in this case is the premises that is currently owned by Reents and that the violations of the Act alleged in the complaint give the Attorney General the right to inspect the property. The court noted that "although certainly the [f]ourth [a]mendment isn't thrown out the window, this is not a criminal case, it's a civil case." The court granted the motion over objection, finding that the "alleged landfill is a highly regulated activity under the [Act] and, I think, the physical status of the site is highly relevant in this particular case."

¶ 11 The trial court subsequently entered an order holding Reents in "friendly contempt" and imposing a monetary sanction of $100 based upon Reents stating her intentions to continue to refuse to comply with the order and to appeal. The trial court stayed the order pending appeal. Reents timely appealed pursuant to Illinois Supreme Court Rule 304(b)(5) (eff. Mar. 8, 2016).

¶ 12 On appeal, this court reversed the circuit court's decision, holding that fourth amendment principles (U.S. Const., amend. IV) must be considered because the party requesting access to and inspection of the private property in this case was the government and the matter was brought under a statutory scheme that allowed for substantial civil penalties, injunctive relief, and although not sought at the time, potential criminal penalties and forfeiture. *Stateline Recycling,* 2018 IL App (2d) 170860, ¶¶ 39-40, 43. We vacated the discovery order and remanded the case to the circuit court for application of fourth amendment principles in ruling on the Attorney General's motion to compel. *Id.* ¶¶ 69-70. The Attorney General filed a petition for leave to appeal to the Illinois Supreme Court which was granted. *Stateline Recycling,* 132 N.E.3d 326 (Table) (2019) (order granting leave to appeal). On review, the supreme court vacated our judgment, finding that this court erred in deciding the case on constitutional grounds *(Stateline Recycling,* 2020 IL 124417, ¶ 37), noting its "long-standing rule that cases should be decided on nonconstitutional

grounds whenever possible" (*id*. ¶ 41). The court remanded the case with directions that we review the discovery order for an abuse of discretion. *Id.*

¶ 13                                                  II. ANALYSIS

¶ 14     On remand, we are required to consider the propriety of the discovery order issued by the circuit court.

¶ 15     Discovery orders are not final orders and therefore not ordinarily appealable. *Norskog v. Pfiel*, 197 Ill. 2d 60, 69 (2001). However, the correctness of a discovery order may be tested through contempt proceedings, as Reents did here. See *id.* An order finding a person in contempt of court and imposing a monetary or other penalty is appealable pursuant to Illinois Supreme Court Rule 304(b)(5) (eff. Mar. 8, 2016). Review of the trial court's contempt finding requires our review of the order on which it was based. *Norskog*, 197 Ill. 2d at 69. "The trial court is given great latitude in determining the scope of discovery, because the range of relevance and materiality for discovery purposes includes not only what is admissible at trial but also that which leads to what is admissible at trial." *Y-Not Project, Ltd. V. Fox Waterway,* 2016 IL App (2d) 150502, ¶ 43. Therefore, discovery orders are typically reviewed under the abuse-of-discretion standard. *Carlson v. Jerousek*, 2016 IL App (2d) 151248, ¶ 24; *Kaull v. Kaull*, 2014 IL App (2d) 130175, ¶ 22. A trial court abuses its discretion where its decision is "arbitrary, fanciful, or unreasonable, such that no reasonable person would take the view adopted by the trial court." *People v. Ramsey*, 239 Ill. 2d 342, 429 (2010).

¶ 16     Rule 214(a) is titled "Discovery of Documents, Objects, and Tangible Things—Inspection of Real Estate." The rule provides, *inter alia*, that any party may by written request direct any other party to permit access to real estate "for the purpose of making surface or subsurface inspections or surveys or photographs, or tests or taking samples *** whenever the nature, contents, or

condition of such *** real estate is relevant to the subject matter of the action." Ill. Sup. Ct. R. 214(a) (eff. July 1, 2014). Under the rule, "[t]he request shall specify a reasonable time, which shall not be less than 28 days after service of the request except by agreement or by order of court, and the place and manner of making the inspection and performing the related acts." *Id.*

¶ 17     On remand, we are required to: (1) examine the Attorney General's Rule 214(a) inspection notice to ascertain whether it satisfied the explicit requirements of the rule, (2) consider any specific objections asserted by Reents as to the scope, time, or manner of inspection, and (3) address whether the circuit court abused its discretion by failing to limit the request, enter a protective order, or supervise the discovery to ensure that the Attorney General's inspected targeted only what was relevant to the subject matter of the litigation. *Stateline Recycling,* 2020 IL 124417, ¶ 41.

¶ 18     First, we determine that the Attorney General's Rule 214(a) request satisfies the requirements of the rule. In the written inspection notice, the Attorney General requested that her representatives and those of the IEPA be granted access to the site, including any buildings, trailers, or fixtures on the site, for the purpose of inspecting the property. The request was made on April 6, 2017, and proposed a reasonable time for inspection of May 5, 2017, at 11 a.m. or "such other time as may be agreed between the parties." The trial court granted the Attorney General's motion to compel compliance with its Rule 214(a) request for a site inspection on grounds that "the physical status of the site is highly relevant in this particular case." This is an environmental enforcement action alleging environmental violations at the site. It is difficult to imagine what could be more relevant than the property itself and more reasonable than a request to inspect the property at an agreed upon date and time. Reents presents no persuasive argument to refute this central consideration of the relevance and reasonableness of the Attorney General's request for a

site inspection and the attendance of the IEPA despite her extensive arguments for application of constitutional principles to the discovery request.

¶ 19    Next, Reents never properly objected to the scope, manner, or time of the inspection. Illinois Supreme Court Rule 201(c) (eff. July 1, 2014) allows a party to seek a protective order to limit discovery or to request supervision of discovery procedures in order to prevent abuse of the discovery process. However, Reents never sought to limit the scope of discovery by requesting either of these measures. She categorically refused to comply with the request.

¶ 20    Finally, while the circuit court can, on its own initiative, issue protective orders and supervise discovery under Rule 201(c), we find nothing to suggest that the trial court abused its discretion by not doing so in this case. We note that other than challenging the constitutionality of the discovery order, Reents did not seek any specific limitation on the discovery order sought in this case. The scope of discovery is broad and allows a party to serve a request on another party to obtain "full disclosure regarding any matter relevant to the subject matter involved in the pending action." Ill. S. Ct. R. 201 (eff. July 1, 2014).  As the trial court concluded, the physical state of the site is, in fact, the subject matter of the pending action and is therefore "highly relevant in this particular case."  Here, we cannot conclude that the discovery order issued by the trial court was arbitrary, fanciful, or unreasonable, such that no reasonable person would take the view adopted by the trial court. See *Ramsey*, 239 Ill. 2d at 429.

¶ 21    Accordingly, we hold that the trial court did not abuse its discretion in granting the Attorney General's motion to compel Reents's compliance with the Rule 214(a) request for a site inspection.

¶ 22 As a final matter, we grant Reents's request to vacate the contempt order and monetary sanction on grounds that she acted in good faith to test the validity of the discovery order on appeal. See *Salvator v. Air & Liquid Systems Corp.*, 2017 IL App (4th) 170173, ¶ 72.

¶ 23                              III. CONCLUSION

¶ 24 For the foregoing reasons, we affirm the trial court's discovery order, vacate the contempt order and monetary sanction, and remand the cause for further proceedings.

¶ 25 Affirmed in part and vacated in part; cause remanded.